## No. 8735.

### CHARLES HANN vs. JOHN C. RUSE.

An attachment bond is fatally defective if it does not contain mention of the person, or of the property against which the writ issues. Its recitals should shew unmistakably, and without the aid or need of extraneous proof, what or whose property is attached.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus, J.*

*Chas. A. Conrad* for Plaintiff and Appellant.

: *Nicholls & Carroll* for Defendant and Appellee :

The writ of attachment, in case of non-residents, is not merely a conservatory writ, but is the basis and foundation of jurisdiction, which cannot be acquired except under the very letter of the law, allowing the process. 10 An. 324; 18 L. 367. Defendants have every presumption in their favor. 14 L. 503; 11 An. 622; 15 An. 709.

The petition must not be couched in general and sweeping terms, but must be drawn in terms so clear and precise as would subject the plaintiff to the charge of perjury, if the allegations were not true. 11 An. 622.

When an attachment is levied on a claim not due, the petitioner must swear that the debtor is about to remove his property from the State before the debt becomes due. 8 L. 585; 14 An. 96; 13 L. 479; 2 An. 498, 920: 8 R. 428.

In the case at bar plaintiff does not declare that his debt is past due, nor does he make the oath required when a debt is to become due. Not only is his petition ambiguous, but a paper on which plaintiff sues, referred to in the petition (probably showing whether the debt is past due or to become due) is kept in the background.

The petition does not set forth the jurisdictional facts necessary to authorize an attachment.

Plaintiff and defendant are both citizens and residents of the same State. Both parties are presumed to have contemplated a settlement of this affair in the home forum. There is no allegation of fraud, or ill-practice of any kind.

The law of attachment never contemplated that, under these circumstances, one of the parties can attach the property of the other on the bare and bald allegation that the latter has property in Louisiana. Where the relations between the parties show that both looked to a different time, place and method of settling their rights, than by such proceedings, ": our courts should not be made the handmaids to defeat the lawful administration and distribution of property in other States." 6 An. 241; 12 An. 49; 18 L. 367; 9 An. 535; 16 An. 47.

An instrument claimed to be the necessary bond is pasted to the petition. This instrument is utterly insufficient.

(*a*) The order of court contemplates a bond to be furnished. The paper annexed to the petition is ignored, and the attachment is directed to issue " on petitioners *giving bond* according to law." No such bond has been furnished, and the writ issued without warrant.

(*b*) The instrument in question has never been filed.

(*c*) This instrument is dated 28th February, 1882, and refers, as its basis, to a petition presented that day; while the petition in this matter was not filed until March 11, 1882.

(*d*) The paper does not state as against whom or whose property the writ is sought.

(*e*) There is no reference by number or title to the suit by which an attachment is asked.

(*f*) Even the amount set forth in the instrument is different from that fixed by law for an attachment bond, when the sum claimed is the amount of plaintiff's demand.

There is absolutely nothing on the face of the papers to identify the instrument with this suit, and any one, in interest herein, on attempting to hold the surety would not only have to explain, but to contradict, by parol evidence, a written obligation of suretyship.

This is certainly not such a bond as our law requires.

But plaintiff contends that the defects of the bond are cured by testimony of the surety taken May 12th, 1882, two months after the writ issued.

No evidence curing the defects of the bond could be admissible, but were it admissible, there is no such evidence in the record.

The best evidence, however, could not help plaintiff here. " The writ, if improperly issued, cannot be aided by proof at the trial, * * nor by admissions in subsequent pleadings, the observance of the legal requisites being in the nature of a condition precedent." 4 An. 452; 5 N. S. 45; 6 La. 586; 10 An. 155; 12 An. 71; 14 An. 708; Hen. Dig. p. 48, Nos. 6 and 7.

An attachment must stand or fall according to the state of facts existing when it is issued. It cannot be cured by a subsequent event. 10 An. 324; 14 An. 436; 12 An. 72; 15 An. 523.

The instrument in question is no bond. 32 An. 525; 6 L. 586; 10 An. 155; Drake on Attachment, Ch. 6, Sec. 129; 13 Texas, 368; 3 Blackford, 361; 5 Blackford, 227.

The answers of the garnishee are copied in this brief. They have not been traversed. Garnishee declares that he is collecting a certain claim or certificate for defendant; that the certificate is due only when all of certain assessments have been paid in, and that he cannot say when all of said assessments will be paid in. Garnishee denies having any property of, or being indebted to defendant.

If there be any debt at all, it is contingent, conditional and prospective. There is no absolute indebtedness. Neither plaintiff nor defendant could on the garnishee's answers hold the latter to the payment of one cent.

No seizure has been made and defendant is not in court.

----

The opinion of the Court was delivered by

MANNING, J. This appeal is from a judgment setting aside an attachment because of a defective bond, or as the Judge below expresses it, a bond utterly null and void. The cause of nullity is stated by him to be the failure to recite in it the name of the case, or under what title the writ issued, and the ruling is based on Percy vs. Millaudon, 6 La. 585; Dunlap vs. Price, 10 Ann. 155; Suc. of Walker, 32 Ann. 525.

Neither of these decisions have any bearing on the question. They relate to appeal bonds. The difference between appeal bonds and attachment bonds is too patent to require specification. They serve different purposes and are regulated by different laws.

The bond in this case is dated February 28, 1882. The affidavit was made a week before, and the petition was filed and the order granted March 11th following.

It is not unusual or irregular that the bond should antedate the filing of the petition, and there is an obvious reason why the name and number of the suit should not appear in the bond. The law contemplates that the bond may be executed anterior to the filing of the petition by expressly providing that the writ may issue " without any petition being then presented," Acts 1880, p. 20, and in that event the writ would issue before the case is numbered and docketed.

But although this lack of correspondence in dates is unimportant, the bond should contain recitals which unmistakably indentify it with the other proceedings in attachment. The remedy of attachment is harsh and rigorous, and it has been often said the party using it must bring himself within its plain intendment. The observance of the legal requisites is a condition precedent to the exercise of the right.

The recital of this bond is, " whereas Charles Hann has *this day* presented a petition to the Civil District Court for the parish of Orleans praying a writ of attachment to issue, now the condition of the above obliga-

tion is that we, the above bounden principal and surety, will well and truly pay to the said clerk or his successor in office, for the benefit of any and all persons interested in said suit, all such damages as may be recovered against us in case it should be decided that the said writ was wrongfully obtained."

There is no indication of the person, or property against which the writ is issued. There is nothing in any recital of the bond connecting it with Ruse, or with any proceeding against Ruse's property.

The plaintiff's counsel insists there need be none, because the bond is required to be annexed to the petition, and is explained by it. Annexing the bond is required equally in cases of arrest, sequestration, and injunction. This bond purports to be for a petition that day presented. No petition asking process against Ruse or his property was presented on that day, or on the following day as it might have been, and not until eleven days thereafter.

The amount of the bond would not serve to identify it with the petition. The sum claimed is $2,000 less credits of $75. The amount of the bond should be a sum equal to that which is claimed. Code Prac. Art. 245, amended by Acts of 1880, p. 21. The bond is for $3,200. We refer to the amount of the bond only in connection with the question of identity. The bond has not been filed with the suit, that is, it has not been marked by the clerk in any manner that would identify it with the suit.

So far as the surety's obligation upon the bond goes, there is nothing appearing that he is surety for any damages to result from attaching Ruse's property. If sued upon it, and he should plead in defence that he was surety for an attachment taken out on February 28th and no other, and that he was not surety on any attachment of Ruse's property, and should object to parol testimony connecting his obligation with the attachment actually levied, how could this bond be identified with that process?

An attachment bond should contain recitals which indicate unmistakably, and without the aid of extraneous proof, what or whose property is to be attached, so that the party aggrieved by the execution of the writ may have his recourse upon the bond and the surety thereto, without resorting to other methods of connecting the one with the other.

We have shewn that this requisite has not been complied with in the present case, and the proceedings must be set aside.

Judgment affirmed.

Rehearing refused.