No. 10,769.

### MICHAEL SAUER VS. UNION OIL COMPANY.

| | |
|---|---|
| 43 | 699 |
| 110 | 212 |
| 43 | 699 |
| 119 | 577 |
| 43 | 699 |
| f123 | 118 |
| f123 | 642 |

An appellee is not entitled to be cited to answer an appeal where the motion of appeal is made and granted in open court within ten days *after* the signature of the judgment, the order making the appeal returnable to the Supreme Court on a stated day.

An appellant derives the right of giving a thing in pledge in place of a bond, not from the court, but from the law. A deposit of municipal bonds for an ample amount, made with the Clerk of Court, within the ten days, perfect the appeal.

The essential allegations of fact contained in plaintiff's petition are not supported, but negatived even by his own testimony.

An employee in an oil mill, who is directed by a superior to go to a distant point, with no direction as to the route to take, if he is ignorant of the route, should inquire; and if, failing to inquire and without the direction or knowledge of the superior, he selects an improper and dangerous route through and amongst machinery and passing over and under running wheels and belts, when there were other proper and safe routes, he is at fault and assumes the risk of resulting injury.

Where the evidence leaves the cause of an injury unproved it can not be attributed to defendant's negligence or fault.

The failure of defendant to summon a witness who was an employee at the time of the accident a year preceding the trial, in absence of any proof that he remained in its employ, or was accessible, or was even living at the time of trial, can not sustain any presumption against defendant.

APPEAL from the Twenty-sixth District Court, Parish of Jefferson. *Rost, J.*

---

*W. L. Thompson, E. B. DuBuisson and Branch K. Miller* for Plaintiff and Appellee:

An order of appeal granted on motion in open court can not be modified, extended or perfected by subsequent proceedings at chambers. Fournet et al. vs. Van Winckle, 33 An. 1109.

An order of appeal by petition at chambers being defective for want of citation
will be dismissed. Schmitt vs. Drouet & Rabasse, 42 An., No. 8, p. 716; Wheeler
& Pierson vs. Peterkin et. al., 38 An. 663; Succession of Treadwell, 38 An. 260;
Fournet vs. Van Winkle, 33 An. 1108; Gerodias vs Handy, sheriff, et al., 31 An.
334; Hardy vs. Stevenson, 27 An. 95; Potier vs. Thibodaux, 21 An. 618; St. Romes
vs. Sterling, 21 An. 277; Bolling vs. Anderson, 19 An. 650; Schmidt vs. Benit, 17
An. 74; Pratt vs. Irwin, 5 An. 115; Walker vs. Martolo, 16 L. 50.

Where no citation is prayed for and none is issued or served, the fault is impu-
table to appellant. Succession of Treadwell, 38 An. 260; Gerodias vs. Handy, 31
An. 334; Adams vs. Demody, 21 An. 238; Guilbeau vs. Cormier, 21 An. 269.

Service of petition of appeal, without citation, is no citation. C. P., 179, 581, 582,
583; 1 Hennen, Appeal IV (a), No. 5; 7 La. 361; 10 La. 399; 1 M, 220.

The failure of a litigant to produce important testimony, easily within his reach,
and presumably under his control, raises the presumption that it would have
been against him. 41 An. 866; 38 An. 779; 35 An. 694.

Where there are two modes of performing a service, one safe and the other
dangerous, it is the duty of the master, who knows of the two, to warn the
servant, who does not know, of the dangerous mode.

It is the duty of the master to warn the servant of any danger incident to the
business. Wood on M. and S., p. 718; Wash vs. Peet Valve Co., 110 Mass. 23; R.
R. Co. vs. Fort, 17 Wall. 553; 120 Mass. 427.

The servant is entitled to all the information the master possesses with regard to
the dangers of the employment, not patent to his observation, or which he
would not readily understand in consequence of his youth, inexperience, or
want of capacity, known to the master. Wood on M. and S., pp. 725, 730, 731.

If there exist facts known to the employer, and unknown to the employé, increas-
ing the risks of the employment beyond its ordinary hazard, the employer is
bound to disclose such facts to the employé; otherwise he is liable for negli-
gence in case of injury from such unsual risks. Deering on Negligence, p. 313;
Wharton on Negligence, Secs. 208, 209, 211; Tutrix vs. Sellers, 39 An. 1019, 1020.

The master is bound to exercise reasonable care to prevent accidents to his work-
men. Wood on Master and Servant, Sec. 329.

It is the duty of the master to provide a safe place for the servant to perform his
labor. Deering on Negligence, Sec. 199.

---

### Bayne, Denègre & Bayne for Defendant and Appellant:

To recover damages for injuries received, it is necessary for the plaintiff to prove
that the accident, in consequence of which the injuries were received, was
caused by the negligence of the defendant, and that the plaintiff was guilty of
no negligence which created or aided the accident. Deikman vs. So. P. R. R., 39
An. 788; White vs. R. R. Co., 42 An. 990; 40 An. 757.

Plaintiff was bound to make use of his eyes to see a source of danger which was
open and apparent to everybody. He was a child, but had reached the age of
reason. Walsh vs. St. Paul and Duluth R. R., 2 Am. and Eng. R. R. Cases, 145.

He had within his power the means to protect himself. He chose to take the risk.
He was told to do a certain thing, but had it in his power to use his discretion
as to the means. Dandie vs. So. P. R. R., 42 An. 689.

The master is not called upon to point out patent dangers plainly and easily seen
by the employed with the use of ordinary care. Smith's Whitaker's Negligence,
Sec. 203, p. 347.

All of the cases cited by the plaintiff refer to extraordinary perils to which employés are subjected without knowledge and without option as to means, etc.

Plaintiff bears the burden of proof, and must not only make his case probable, but reasonably certain.

The damages are excessive. 41 An. 1043; 40 An. 810.

Plaintiff was guilty of contributory negligence, and can not recover. Murray vs. Post R. R., 31 An. 491; Schwartz vs. C. C. R. R., 30 An. 15; Woods vs. Jones, 34 An. 1041; Weeks vs. N. O. & Sp. Ft. R. R., 40 An. 802

*Percy S. Benedict, Lewis Guion* and *W. S. Bendict* on the same side:

1. In an action by an employé for injuries sustained through the alleged negeclt of his employer, the burden of proof is on the employé. Wharton on Negligence, Sec. 428; Shearman & Redf. on Negligence, Sec. 99; 2 Thompson on Negligence, Sec. 1053; Stevens on Evidence, Art. 93, p. 143; 1 Hennen, 495, VIII, No. 4; Louque's Digest Ev. VIII, No. 4, p. 237; Deering on Negligence, p. 343, Sec. 215.

2. A master does not guarantee the safety of his servants. On the contrary, there is no rule of law better settled than that a servant assumes and accepts the ordinary hazards and dangers of his occupation, such as are incident to it, and for an injury sustained through such danger he can not recover. Deering, Sec. 196.

   A master is not bound to give instructions to warn servants against obvious danger. Deering, Sec. 197.

   In providing machinery, appliances or tools for the use of his servants, the master does not warrant their safety; he is not insurer in their fitness; he is not required to see that they are absolutely safe. Deering Neg., Sec. 198.

   Where an employé unnecessarily assumes a dangerous position during the course of his employment, and suffers injury thereby, he can not hold his master liable. Deering Neg., Sec. 212; 95 U. S. 439.

3. To recover one must make his claim certain; to make it probable is not enough. 8 M. 14; 10 M. 419; 14 L. 455; 19 L. 198; 2 R. 27; 12 R. 471; 6 An. 28; 8 An. 25; 10 An. 310; 12 An. 12.

   Plaintiff must prove his allegations or he can not recover. 13 M. 709; 12 L. 290; 8 R. 101; 2 An. 383; 5 An. 37; 6 L. 313; 18 L. 425; 12 R. 518; 5 An. 264.

4. By the Spanish law, in no case does one witness make full proof of any fact or contract; its maxim is *testie unus, testis nullus.* 3 M. 190.

   One witness can not establish a claim over $500. 12 An. 208.

   The corroborating circumstances must appear *aliunde* and not from plaintiff's own verbal testimony. 8 N. S. 458; 3 L. 214; 2 R. 204; 7 An. 54.

5. A master is not bound to give instructions to warn servants against obvious danger. Deering, p. 312.

6. Where an employé is injured in consequence of a defect in the machinery, tools or appliances furnished by the employer, the latter is not liable in damages unless he had notice of the defect, or ought, in the exercise of his duty, to have known of it. Deering, p. 344 and cases there cited.

   There is no proof of defective machinery.

7. In a recent decision your honors held (41 An. 500, Cary vs. Sellers): To maintain an action by an employé for an injury resulting from defective machinery or appliances, two elements must concur, viz: fault or knowledge on the part of the employer; innocence of fault or ignorance of danger on the part of the employé.

However gross the fault of the employer in subjecting the employé to risk from such causes may be, yet when the employé knew the defects and danger, and still knowingly and without protest consents to incur the risk to which he is exposed, he is deemed to assume such risk and to waive any claim for damages against the master for injury resulting therefrom.

8.. Contributory negligence on the part of plaintiff bars recovery for injury sustained.

Well settled principle of law. 27 An. 53; 30 An. 15; 95 U. S. 697; 31 An. 491; 32 An. 615, Beach on Cont. Neg. 311.

9. Where a person knowingly puts himself in danger he assumes all risks. Beach on Cont. Neg., 39, 369; Whittaker's Smith on Neg., p. 137.

10. Where the plaintiff is in a position that he can do things one way and be a safe way, or do them in another which would not be a safe way, he is bound to do them in the way which would be safe to do such act, and not without any cause for it at all expose himself to danger. Whittaker's Smith on Neg., p. 391.

11. An employé must observe ordinary care for his personal safety in any employment. He must make reasonable use of his senses to avoid danger and injury in the course of his employment. An employer is not liable for an injury sustained by an employé, where his own negligence or want of care contributed materially to the injury.

Deering on Negligence, Sections 210, 212, and plaintiff must not only prove his case, but show due care on his part. Id., Sec. 215.

Am. and Eng. Encyc. of Law, p. 23.

In an action for personal injuries, the plaintiff can not give in evidence to enhance the damages that he had a wife and children. (Nor)

Evidence that the plaintiff had a family to support is not admissible to enhance the damages. Deering on Neg., Sec. 419, p. 654.

---

## ON MOTION TO DISMISS

The opinion of the court was delivered by

BERMUDEZ, C. J. In support of his motion to dismiss, the plaintiff and appellee contends that he should have been, and was not, cited, not even asked to be cited, and that the appeal was not perfected by the appellant giving bond, as required by law, within the *ten* days prescribed.

It appears that a verdict having been returned and a judgment rendered thereon, for $3500, against the defendant—the judgment signed in open court on the last day of the term, namely the 23d December, 1890—the defendant moved for and obtained a suspensive appeal, returnable to this court, on the third Monday of January, 1891, on defendant furnishing bond, according to law.

The record shows that, subsequently, viz.: on January 2, 1891, within the *ten* days following the signature of the judgment within which a suspensive appeal could be taken, the defendant made

another motion, which was granted, to the same effect as that made on the last day of the term; and, besides, filed a petition for the same purpose, in which it is alleged that the appellant, being unable to furnish bond with personal security, proposes to avail itself of the privilege accorded by law (Article 3065 of the R. C. C.) and to substitute thereto municipal bonds, specially designated, for the sum of $6500.

The judge, at chambers, repeated the orders previously made, granting a suspensive appeal, returnable on the stated day, on the appellant depositing the bonds, specifying them, with the clerk of the court, to secure the payment of such judgment as might be rendered on appeal.

On the same day, January 2, 1891, the appellant deposited the bonds with the clerk; an instrument in writing, having the appearance of a bond, being duly drawn up and signed by counsel for the appellant and by the clerk, to show the fact of the deposit, its nature and object, and the actual delivery of the bond to the court officer.

The complaint of the plaintiff and appellee is, that he was not cited, that no citation was issued to or was served on him, to answer the appeal, returnable to the Supreme Court on the third Monday of January, 1891, according to law.

The complaint is evidently based upon the assumption that, under the circumstances of the case, the appellee was entitled to be cited to answer the appeal; but this is a groundless pretension.

There was a motion made in open court on the 23d day of September, 1890, the last day of the term, when the judgment was signed, for a suspensive appeal, which was granted, returnable on the third Monday of January following, to this court, on the defendant furnishing bond, according to law.

That portion of the order allowing the appeal on the defendant *furnishing bond according to law* was a superfluity. As much may be said of the motion, petition and orders filed, and made on January 2, 1891.

The right of appeal is a constitutional prerogative in a case of this description, the amount exceeding $2000, and the judge would have had no discretion to refuse it. Neither would he have had the right to add to or take from the requirements of the law, in such cases of suspensive appeal from money judgments.

The Code of Practice declares that, if the appellant who has ob-

tained the order of appeal, within ten days after the signature of the judgment and the ten days following the adjournment of the court holding term in the county, has within that time furnished bond and surety, conditioned as the law directs, for an amount exceeding by one-half that for which the judgment was rendered, execution shall thereby be stayed. C. P. 575, amended in 1870, p. 49, and in 1890, p. 38.

It is settled that when the appeal is asked and granted in open court within the ten days it is unnecessary to have the appellee cited, because he is considered as present in court and taking notice of all proceedings transpiring therein in the cases in which he is concerned, particularly those in which he has obtained judgments to become executory in the course of time, in the absence of any suspensive appeal.

The judge, in cases in which money judgments are rendered, has no right to fix the amount of the bond for a suspensive appeal, by requiring it to be either for a larger or smaller amount than that provided by law. The Code regulates that amount, and whatever the order of the judge may be in such cases, the appellant furnishes the bond, as far as the amount is concerned, at his own risk and peril.

The motion for a suspensive appeal having been made and granted on the day on which the judgment was signed, and which was the last day of the term, it follows that the requirements of the law were fulfilled carefully, and that the plaintiff and appellee was not entitled to a citation to answer the appeal, returnable here, as already stated.

He is presumed to have been in court when the motion was made and granted, and therefore to have received the notice which the service of a citation would have conveyed, of the order allowing the appeal, and making it returnable here on a particular day, which, in this case, is that fixed by special legislation.

The appeal was perfected within the ten days prescribed by law.

It was useless for the appellant to have again moved and petitioned, on the 2d of January, 1891, for a suspensive appeal, and for leave to furnish the public securities, instead of a personal obligation with a surety, as is usually done.

The appeal had been previously asked and granted. The subsequent proceedings to the same effect were superabundant. They did not amend or modify the anterior ones.

The appellant does not derive from the court, but from the law, the privilege of substituting valuable public bonds to an ordinary security, as is usually done.

Article 3065 R. R. C. distinctly declares that whenever a person who is bound by *law* to give a surety, can not do so, he is admitted to give in pledge a thing which may be kept without difficulty or risk, and which is to be deposited in the hands of the public officer whose duty it is to receive the surety.

The clerk of the court is the one in whose favor the bond for an appeal is required by law to be made, and he was the officer with whom the bonds substituted to an ordinary surety were to be, and actually were deposited, to await final judgment.

There is no other complaint in the motion to dismiss.

It, therefore, follows that, under the circumstances of this case, the appellee had due and seasonable notice of the motion of appeal and order granting the same and fixing the return day, and that he can not be heard to say that he has not been cited, and that the appellant should have at least prayed that he be thus notified.

Motion overruled.

## ON THE MERITS.

FENNER, J.   The allegations of plaintiff's petition are, that he was an employee of the defendant company; that he "was ordered by the foreman of said oil company to go and assist William Baker, also in the employ of the company, in placing a belt on the meal crusher; that said work was of a dangerous character and required experience, which was known to. the foreman and of which petitioner was unaware; that petitioner, in compliance with the aformentioned command, did go, and, in assisting to place said belt on the meal crusher, was struck on the right side of the head a painful blow by a defective, old and worn out clutch-lever, of heavy weight, which broke loose from its fastenings," and inflicted the injuries complained of; and that said injuries were the result of gross negligence and carelessness on behalf of the foreman and officers of said company.

The defendant answered by general and special denials of negligence and by plea of contributory negligence.   We have never encountered a case in which the *allegata* and the *probata* were so widely different.   There is not a word of evidence to show that the

45

work of "placing a belt on the meal crusher" was dangerous; or that the plaintiff ever began or engaged in said work; or that "in assisting to place said belt on the meal crusher" he was struck by a clutch-lever; or that the clutch-lever was "defective, old and worn out."

The plaintiff introduced no evidence whatever relating to the accident except his own oral testimony. The substance of that is, that he received the order from the foreman at a point remote from the meal crusher; that he received no instructions how to go there; that he selected his own route without inquiry, although he professes to have been ignorant of the surroundings; that it passed through and amongst the machinery of the mill; that, in his own words, he "crawled up" to a certain platform, where he was quietly standing before he reached Baker or the meal crusher, when he was suddenly struck violently on the head by something, which knocked him off the platform down to the lower floor and inflicted the injuries complained of. He does not pretend to know what struck him, but presumes it was the clutch-lever, because, on recovering from his insensibility, he saw the clutch-lever broken, and did not hear of anything else being broken about the machinery. This is plaintiff's case, and his whole case, so far as the cause of injury is concerned. Its failure to substantiate the allegations of the petition, and, indeed, the manifest inconsistency between the two, are glaring and startling.

The defendant's witnesses prove that the route chosen by plaintiff was an improper and dangerous one, involving passage through the machinery and over and under running wheels and belts; and that there were other proper and usual routes which were free from danger.

Plaintiff claims that the foreman was guilty of negligence in not directing him how to go; but the proof shows that plaintiff had been working about the mill for a long time, though he had been working in the interior only for two days prior to the accident. Doubtless the foreman supposed that he knew or would inquire for the proper route; and surely, if he did not know, it was his duty to inquire.

But beyond this, the defendant's witnesses establish that the clutch-lever was situated entirely below the platform on which plaintiff was standing, and that it was physically impossible, even if it had broken, that it should have flown upward and struck plaintiff's head.

How the clutch-lever came to break is left a matter of pure con-

jecture.   No cause for its breaking is proved by plaintiff.   Nothing else about the machinery was injured.   Defendant's theory is that plaintiff stepped on some running pulley or belt and was violently thrown off the platform down and against the lever, and thus broke it.   But this is only a theory.

There is a plan introduced by defendant and a great deal of testimony as to routes and the location of belts and pulleys and platforms, and the levee, etc., which is very difficult to understand.   Defendant applied to the court for an order directing the jury and counsel to visit and view the premises, which were very near the court house; but plaintiff objected, and the judge declined to give the order.   The evidence showed that the clutch-lever had been mended and was restored to the same position it occupied at the time of the accident, and that all the surroundings were the same.   A view of the premises might have enlightened the jury, and the plaintiff's objection that it would place the jury and counsel in peril to enter such a dangerous place does not savor of serious sincerity.   He was keeping light from the jury.

Sauer says that Baker was within about twenty-five feet of him when he was struck, and his counsel arraigns the failure of defendant to put him on the stand as affording a presumption that his evidence would have been hostile to defendant.   The accident occurred in January and the case was not tried until December, 1890.   It is not shown that Baker remained in the employ, or was accessible, or was even living at the time of the trial; nor is there any showing that he was observing plaintiff when the accident occurred.   It is plaintiff's case that needs additional proof, not defendant's.   There is no ground for the application of any presumption in such a case.

On the whole we think the verdict and judgment can not be sustained, for three reasons:

1. The proof is irresponsive to the complaint.

2. It fails to establish any fault or negligence on the part of defendant.

3. The weight of evidence establishes imprudence and fault in plaintiff in selecting, without inquiry, an improper and dangerous route.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that there be now judgment in favor of defendant, rejecting plaintiff's demand, at his cost in both courts.