PROVOSTY, J.
The appeal in this case-was taken uy petition. The appellants prayed for a devolutive appeal, but, instead of asking that the judge fix the amount of the-bond, they asked that he allow them the appeal “upon their depositing with the said clerk the sum of $75, or so much thereof as-may be necessary to secure the costs of the suit and of said appeal.” The order of the judge was made in strict conformity with this prayer. The appellants, however, did not avail themselves of the dispensation thus granted them from furnishing bond. They furnished a bond, but without security, or a deposit to take the place of a surety. In place thereof, they paid the costs of the lower court, and deposited $20 with the clerk, of this court on filing the transcript. Motion is made to dismiss the appeal on the grounds, among others, that the amount of the bond was not fixed by the judge, and that no-surety was furnished on the bond, nor a deposit of money made in lieu thereof. Both of these grounds must be sustained. To say that as much money as may be necessary shall be deposited is not to fix the amount of the bond, and to pay the costs of the officers is not to furnish surety, nor to make a deposit, all of which things are indispensable to the perfecting of an appeal.
This court has held that the appellant may substitute a deposit of money to the surety (Sauer v. Union Oil Co., 43 La. Ann. 699, 9 South. 566), but not that the bond may be-dispensed with, nor that both deposit and surety may be dispensed with. It may be-that, as contended by counsel, the furnishing of an appeal bond is no longer useful, in view of the fact that the clerk of the district court may enforce payment of his-costs every six months, and require the transcript of appeal to be paid for before it is delivered, and that a deposit of $20 must be-made, or a bond of $50 furnished, on filing the appeal in this court; but so long as the law shall continue to require bond with sure *214 ty, or deposit, it will be the duty of this court to enforce compliance with the requirement. The appeal was never perfected, and must therefore be rejected.
It is ordered, adjudged, and decreed that the appeal be dismissed.