(60 South. 674.)

No. 19,295.

MITCHELL v. MURPHY.

(Jan. 6, 1913. On Application for Rehearing, Feb. 3, 1913.)

*(Syllabus by the Court.)*

1. ATTACHMENT (§ 128*) — ISSUANCE — PETITION—BOND.

A creditor, his agent or attorney in fact, praying for an attachment to issue, must annex to his petition his obligation in favor of the clerk of court for a sum equal to that which he claims, with the surety of one good and solvent person as security for the payment of such damages as defendant may recover against him in case it should be decided that the attachment was wrongfully obtained. Code Prac. art. 245, as amended by Act No. 103 of 1870 and Act No. 17 of 1880; Bonner & Smith v. Brown, 10 La. Ann. 334; Charles Hann v. Ruse, 35 La. Ann. 725; Yale v. Cole, 31 La. Ann. 687; Lehman, Stern & Co. v. Broussard, 45 La. Ann. 346, 12 South. 504; Graham v. Burckhalter, 2 La. Ann. 415.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 351, 352; Dec. Dig. § 128.*]

2. ATTACHMENT (§ 135*) — WRIT — SURETY — PLEDGE.

The person who cannot give a surety is permitted to give a pledge or other satisfaction sufficient to secure the debt, provided that the thing given in pledge may be kept without difficulty or risk. He may also deposit in the hands of the public officer, whose duty it is to receive the surety, the sum for which he is required to furnish security. Rev. Civ. Code, art. 3065.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 353; Dec. Dig. § 135.*]

3. ATTACHMENT (§ 135*) — BOND — DEPOSIT — PLEDGE.

Where a deposit or pledge is made under article 3065, Rev. Civ. Code, it must appear to have been made by an instrument in writing, signed by the party giving the bond and the clerk of the court, showing the deposit, its nature and object, and the actual delivery to the court officer. Sauer v. Union Oil Co., 43 La. Ann. 699, 9 South. 566.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 353; Dec. Dig. § 135.*]

*(Additional Syllabus by Editorial Staff.)*

4. ATTACHMENT (§ 132*) — BOND — IMPROPER OBLIGEE.

A bond for attachment, binding the plaintiff to pay damages which defendant might suffer to one C., who was the surety, instead of to the defendant, and leaving a blank space where defendant's name should have been placed, so that the bond did not clearly indicate against whom judgment should run to hold the surety, was fatally defective.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 365–370; Dec. Dig. § 132.*]

Appeal from First Judicial District Court, Parish of Caddo; E. W. Sutherlin, Judge.

Action by W. M. Mitchell against James Murphy. From a judgment dissolving a writ of attachment because of insufficient bond, plaintiff appeals. Affirmed.

See, also, 60 South. 636, ante, p. 977; 60 South. 677, post, p. 1040.

J. H. Shepherd, of Vivian, and Hall & Jack, of Shreveport, for appellant. Joseph H. Levy and Alexander & Wilkinson, all of Shreveport, for appellee.

SOMMERVILLE, J. Plaintiff takes a second appeal in this case from a judgment dissolving the attachment because of the insufficiency of the bond.

The bond given for the issuance of the writ of attachment is as follows:

"State of Louisiana, Parish of Caddo.

"Know All Men by These Presents:

"That we, W. M. Mitchell, as principal, and J. W. Clark, as security, are held and firmly bound unto to S. A. Leonard, clerk First judicial district, in the full sum of fifty-four hundred dollars, for payment of which, well and truly to be made, we bind ourselves, our heirs and representatives, firmly and in solido by these presents.

"Dated at Shreveport, Louisiana, this 12th day of September, A. D. 1911.

"The condition of the above obligation is such that, whereas, the above-bounden W. M. Mitchell has applied for and obtained an order for a writ of attachment directed against James Murphy:

"Therefore, if the said W. M. Mitchell shall well and truly pay and satisfy such damage as the said J. W. Clark may sustain or recover against ——— in case it should be decided that the writ of attachment was wrongfully obtain-

ed, then this obligation to be null and void; otherwise to remain in full force and effect.

"[Signed]          W. M. Mitchell.
                    "J. W. Clark."

Indorsed:

"Filed September 12, 1911. F. A. Leonard, Clerk."

Defendant moves that the writ of attachment be dissolved, for the reason "that the plaintiff failed to give and has not given the bond that is required by law to support and authorize the issuance of the writ of attachment;" and he asks for $2,000 damages for attorney's fees, the inconvenience of not being able to have the use of his funds, injury to his credit, and loss of time.

In response to a bill of particulars filed by plaintiff, the defendant answers as follows:

"The defect in the bond is that it provides for the payment of damages to the surety, Clark, if the writ is dissolved, and not to defendant, as required by law."

[1] The Code of Practice provides (article 245):

"A creditor, his agent or attorney in fact, praying such attachment, must, besides annex to his petition his obligation in favor of the defendant for a sum exceeding one half of that which he claims, with the surety of one good and solvent person residing within the jurisdiction of the court to which the petition is presented, as a security for the payment of such damages as such defendant may recover against him in case it should be decided that the attachment was wrongfully obtained."

[4] The trial judge held that the bond given was insufficient, inasmuch as the plaintiff, W. M. Mitchell, therein bound himself to pay the damages which defendant might suffer to one J. W. Clark, who was the surety, and not to the defendant; and plaintiff further left a blank space where the defendant's name should have been placed, so that the bond does not clearly indicate against whom judgment would have to be had for the purpose of holding the surety.

The remedy of attachment is harsh and rigorous, and it has been often said the par-

ty using it must bring himself within its plain intendment. The observance of the legal requisites is a condition precedent to the exercise of the right. And we approve the ruling of the district judge to the effect that the bond was insufficient. Bonner & Smith v. Brown, 10 La. Ann. 334; Charles Hann v. Ruse, 35 La. Ann. 725; Yale v. Cole, 31 La. Ann. 687; Lehman, Stern & Co. v. Broussard, 45 La. Ann. 346, 12 South. 504; Graham v. Burckhalter, 2 La. Ann. 415.

[2] Plaintiff endeavored to supplement any deficiency or insufficiency in the bond by making a pledge of a certified check for $6,000 under article 3065 of the Civil Code:

"The person who cannot give a surety is admitted to give a pledge or other satisfaction sufficient to secure the debt, provided that the thing given in pledge may be kept without difficulty or risk.

"He may also deposit in the hands of the public officer, whose duty it is to receive the surety, the sum for which he is required to furnish a surety."

A certified check for $6,000, payable to W. M. Mitchell and indorsed by him in blank, was introduced in evidence, and attached to it was the following memorandum:

"This check was left with F. A. Leonard, as security on attachment bond in suit ———— v. Murphy, Sept. 12, 1911."

The certified check does not appear to have been filed by the clerk. The testimony shows that F. A. Leonard, mentioned in the memorandum, is the clerk of the court; but the memorandum does not give the full title, or the number of the suit. It simply states that the check was left as security "in suit ———— v. Murphy." This memorandum is meager and insufficient. There appears to have been several suits filed by this plaintiff against this defendant which were then pending in the court.

The clerk, as a witness, testified that the check was "to make the bond good." He was examined at length; but he at no time stated that the check had been pledged by plaintiff

in lieu of a surety, which he (the plaintiff) could not give. He never treated the check as a pledge for such purpose. He did not file it, or let defendant know that he had it in his possession. And plaintiff did not inform defendant that he had made a pledge. Counsel for plaintiff testifies in the case, and he admits that plaintiff gave the attachment bond which defendant is here seeking to have set aside; but he does not say that plaintiff could not give bond, or that the check was given in lieu of the required surety. The plaintiff did give the bond filed in the record. The evidence shows that plaintiff was fearful that he might be unable to furnish a satisfactory surety, so he provided himself with a certified check in case the clerk should refuse to accept the surety tendered; but the clerk did accept and file the bond, and he further took the check, not as a pledge in lieu of the surety, but to secure himself "to make the bond good."

[3] The evidence clearly shows that no formalities were gone through with in depositing the check. There is nothing in the record to identify this certified check with the record in this case. The law provides that a pledge may be made in the hands of the public officer whose duty it is to receive the surety, where surety is required to be furnished. The deposit referred to in the law clearly refers to money which is to be given by plaintiff to the public officer whose duty it is to receive the surety as earnest or security for the performance of the obligation assumed by him who seeks to obtain the writ of attachment. It is in the nature of a judicial deposit or sequestration. It must be made with due form and with reference to the specific object for which it (the deposit) is made. It is intended by the law to take the place of a surety on a bond. And if it is not given in this way it is not given legally. There was no writing whatever attending the delivery of this pledge, which could be made only by a person who was not able to give a bond and personal surety; and it had to be made in the place of a surety, which the plaintiff could not give. From the language used in the article of the Civil Code, it is clear that the pledge or deposit was intended to serve in place of a person as surety on a bond; and the pledge should have been put in the form of a bond, if it was intended to take the place of a bond and surety.

In the case of Sauer v. Union Oil Co., 43 La. Ann. 699, 9 South. 566, where negotiable bonds were deposited with the clerk of the court instead of surety on a regular appeal bond, we approve what was done in the following language:

"On the same day, January 2, 1891, the appellant deposited the bonds with the clerk; an instrument in writing, having the appearance of a bond, being duly drawn up and signed by counsel for the appellant and by the clerk to show the fact of the deposit, its nature and object, and the actual delivery of the bonds to the court officer."

If plaintiff had been careful to have filed some instrument as a bond with the clerk, stating that he was making a pledge of a $6,000 check, and that the pledge was made instead of a regular surety on bond in the case where a bond was required, thus stating its nature and object, and he had delivered such instrument to the clerk of the court for filing, and the same had been filed in the cause, he would have conformed to the law. But, inasmuch as plaintiff was not careful to follow the law in any respect, we must hold with the district judge that the pledge of the $6,000 check made by him, in addition to the bond, was not legally made, and that the writ of attachment must be dissolved.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, at appellant's cost.

On Application for Rehearing.

PER CURIAM. Our attention is called to Act No. 103 of 1870, p. 18, of the Acts of 1871, and Act No. 17 of 1880, p. 21, which amend article No. 245, C. P., so as to require bonds in attachment suits to be in favor of the clerk of court instead of the defendant in a cause. As the judgment is not based on the ground that the bond is made in favor of the wrong party, but that it was insufficient on other grounds, a rehearing on this point becomes unnecessary.

Our attention is also called to article 3065, C. C., which provides that "the person who cannot give a surety is admitted to give a pledge," etc., and it is urged that a certified check may be thus given without any written instrument.

In attachment suits the party applying must "annex to his petition his obligation in favor of the clerk of court before which the writ issues for a sum equal to that which he claims, with the surety of one good and solvent person," etc.

In this case plaintiff has not annexed "to his petition his obligation in favor of the clerk of the court"; that is, his obligation which he did annex to his petition is insufficient and invalid.

The law required plaintiff to annex to his petition a written obligation or bond "with the surety of one good and solvent person," etc.; and, if he could not give security, then he might have given a pledge.

It is quite clear in such case that the giving of a pledge must be in writing. Besides, all proceedings in a court of record must be in writing.

In all similar cases before this court such proceedings were in writing. In Lanata v. Bayhi, 31 La. Ann. 229, plaintiff filed a written petition asking that he might make a deposit instead of giving surety on a bond of appeal. In Rayssiguier v. Monroe, 37 La. Ann. 113, a similar proceeding was by motion in open court. In Sauer v. Union Oil Co., 43 La. Ann. 699, 9 South. 566, a bond was given, and written therein was a pledge of securities in place of the name of one good and solvent person as surety.

The giving of a pledge or deposit in place of a surety on an attachment bond must be in writing.

Rehearing is refused.