[Civ. No. 5593. Third Appellate District.—July 14, 1936.]

EDGAR C. ROWE et al., Respondents, v. W. Y. STODDARD et al., Defendants; FRED E. BARNETT et al., Appellants.

Glensor, Clewe, Schofield & Van Dine and M. C. Kerr for Appellants.

Young & McMillan for Respondents.

THOMPSON, J.—This is an appeal from an order denying a motion to recall and quash a writ of attachment which was prematurely and wrongfully granted prior to the issuing of the summons in this suit.

The complaint in this case was filed November 16, 1935. On the same day a writ of attachment was wrongfully issued therein and forthwith levied upon certain personal property belonging to the defendants. The summons was not then issued, and so far as the record discloses, it has never been issued. No written undertaking on attachment was filed as required by the provisions of section 539 of the Code of Civil Procedure. Neither was cash deposited with the clerk in lieu thereof as required by section 1054a of the same code. The plaintiffs merely deposited with the clerk their personal check in the sum of $200 in lieu of an undertaking on attachment. The complaint alleges a cause of action for conversion of personal property. It fails to allege a contract, express or implied, for the payment of money to the plaintiffs.

The defendants moved to recall and quash the writ of attachment on the grounds that (1) it was granted prior to the issuing of the summons; (2) that no undertaking on attachment was filed with the clerk as required by sections 539 and 1054a of the Code of Civil Procedure, and (3) that the complaint is based upon conversion of personal property and fails to state an action upon a contract express or implied, for the direct payment of money. This motion was denied. From the order denying defendants' motion to recall and quash the writ of attachment, Fred E. Barnett and Fred E. Barnett Company have appealed.

■ The attachment was prematurely and wrongfully issued in this case for the reason that no summons was then issued. The writ of attachment is therefore void and ineffectual. (Sec. 537, Code Civ. Proc.; *Low* v. *Henry,* 9 Cal. 538; *Henrietta Mining & Milling Co.* v. *Gardner,* 173 U. S. 123 [19 Sup. Ct. 327, 43 L. Ed. 637].) ■ The right to

an attachment as security for the satisfaction of a judgment which may be procured in a pending action is statutory. (3 Cal. Jur. 407, sec. 5.) There is no authority for the issuing of a writ of attachment until the summons in a pending suit has been issued. Section 537, *supra,* provides in that regard:

"When Attachment May Be Issued. The plaintiff, *at the time of issuing the summons,* or *at any time afterward,* may have the property of the defendant attached, as security for the satisfaction of any judgment that may be recovered, unless the defendant gives security to pay such judgment, as in this chapter provided, . . . "

Construing the former Practice Act of California, which was couched in the same language employed in section 537 of the Code of Civil Procedure in that regard, the court said in *Low* v. *Henry, supra,* at page 552 thereof:

"The one hundred and twentieth section [of the Practice Act] allows the plaintiff 'at the time of issuing the summons, or at any time afterwards', to have the property of the defendants attached. These provisions must be strictly followed; and the attachment, if issued before the summons, is a nullity. (*Ex parte Cohen,* 6 Cal. 318.) The issuance of the summons afterwards cannot cure that which was void from the beginning."

To the same effect is the case of *Henrietta Mining & Milling Co.* v. *Gardner, supra,* which specifically approves the decision in the Low case.

■ The depositing of a personal bank check with the clerk in lieu of an undertaking for attachment is not a compliance with the provisions of section 1054a of the Code of Civil Procedure which authorizes only the deposit of a "sum of money *in lawful money of the United States* equal to the amount required to be secured by the said undertaking". (*McDaniel* v. *Patterson,* 159 S. C. 378 [157 S. E. 72]; *Mitchell* v. *Murphy,* 131 La. 1033 [60 So. 674]; *Bate* v. *McDowell,* 48 N. Y. Super. Ct. 219; 36 C. J. 968.)

In view of what has been previously said, it is unnecessary to determine whether an attachment may issue under the provisions of section 537 of the Code of Civil Procedure when the complaint fails to adequately allege that the action is founded on a contract for the payment of money, if that fact satisfactorily appears in the affidavit therefor. There

appears to be some conflict of authorities on that subject, and we therefore refrain from deciding that question.

The order is reversed, and the court is directed to recall and quash the writ of attachment.

Pullen, P. J., and Plummer, J., concurred.