[Civ. No. 11164. Second Appellate District, Division Two.—February 10, 1937.]

BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION (a National Banking Corporation), Appellant, v. CENTURY LAND & WATER COMPANY (a Corporation) et al., Respondents.

Edmund Nelson, Howard Waterman, Freston & Files, Ralph E. Lewis and Louis Ferrari for Appellant.

L. M. Cahill, Alfred E. Rogers, W. C. Shelton, George W. Burch, Jr., W. Eugene Craven, Carly Yanow, Hervey & Hervey, Robert L. Faucett, Raymond Hoyt, J. S. McKnight, Call & Murphey and Alex W. Davis for Respondents.

WOOD, J.—Plaintiff held the promissory note of Century Land and Water Company, a duck hunting club, in the sum of $27,500 executed August 25, 1930, and secured by a trust deed on real estate of the club. A number of the members of the club endorsed the note and are joined as defendants with the maker of the note. Default was made in the payments on the note, the trust deed was foreclosed and the property which was made security was sold at public auction under the terms of the trust deed for the sum of $8,500. Plaintiff bank was the owner and holder of the note, the trustee for the property and the only bidder at the sale. The purchase price was applied upon the amount due and the bank thereupon sued for a deficiency. The court found that the land was of the reasonable market value of $16,000. The trial court concluded that "the trustee made a profit for itself in the sum of seven thousand five hundred dollars ($7,500), for which profit it is accountable to the trustor and maker of the note, and said profit in the amount of seven thousand five hundred dollars ($7,500) should be credited toward the principal amount of said deed of trust and said promissory note described in the findings of fact herein as of the 14th day of January, 1935". Plaintiff appeals upon the

judgment roll, claiming that it is entitled to judgment for the additional sum of $7,500.

Section 580a of the Code of Civil Procedure is not applicable to the present action, since the note was executed prior to the enactment of the section. (*California Trust Co.* v. *Smead Investment Co.*, 6 Cal. App. (2d) 432 [44 Pac. (2d) 624]; *Brown* v. *Ferdon,* 5 Cal. (2d) 226 [54 Pac. (2d) 712].) Defendants attempt to uphold the judgment with a discussion of the general duties and obligations of a trustee. It has been held that the trustee may also be the beneficiary and may become a purchaser at the sale. (*California Trust Co.* v. *Smead Investment Co., supra;* 25 Cal. Jur. 19, and cases there cited.) In this state inadequacy of price is not in itself sufficient ground for setting aside a sale legally made. If the price is palpably inadequate, slight irregularities in conjunction with the sale might authorize the court to set it aside; but such irregularities to have this effect "must have conduced to the inadequacy of the price, or in some other way have contributed to the injury to the plaintiff". (*Sargent* v. *Shumaker,* 193 Cal. 122 [223 Pac. 464].) Since the appeal is upon the judgment roll we must look to the findings to determine if any irregularities exist. Nothing is contained therein which can be classified as an irregularity or which indicates that there was any oppression, fraud or unfairness. In the absence of such findings plaintiff is entitled to judgment for the additional sum of $7,500.

None of the defendants, with the possible exception of defendant Merrill, have presented issues in the pleadings which call for findings by the trial court on the subject of irregularities connected with the sale. Defendant Merrill prosecutes a separate appeal from the judgment, and on that appeal we are this day filing an opinion reversing the judgment as to defendant Merrill on a point having no bearing upon the issues raised by plaintiff's appeal.

The judgment is modified and the superior court is directed to enter judgment in favor of appellant and against respondents other than respondent Merrill in accordance with the prayer of the complaint.

McComb, J., *pro tem,* and Crail, P. J., concurred.