[Civ. No. 21426.   First Dist., Div. Three.   Oct. 19, 1964.]

R. E. CRUMMER, Plaintiff and Respondent, v. MAR-
GUERITE E. WHITEHEAD, Defendant and Appellant.

Robert M. Adams, Angell, Adams, Gochnauer & Elder, C. Dan Lange and Herbert Chamberlin for Defendant and Appellant.

David C. Rust and Francis T. Cornish for Plaintiff and Respondent.

SALSMAN, J.—Appellant Marguerite E. Whitehead appeals from a judgment in favor of respondent R. E. Crummer in an unlawful detainer action brought after foreclosure sale under a deed of trust.

Appellant's principal argument for reversal is that the evidence establishes as a matter of law that the property

involved was not duly sold under the power of sale contained in the deed of trust and that title under the sale was not duly perfected. The record does not support appellant's contention and the judgment must therefore be affirmed.

Appellant first argues that the property was sold for an inadequate price. Two witnesses testified that the market value of the property was $100,000. Respondent purchased the property at the trustee's sale for $23,000, which was the approximate balance due on the debt for which the property was security. In rendering its judgment the trial court made no finding concerning the fair market value of the property at the time of sale. Appellant contends it was error not to make such a finding. We see no prejudicial error in the lack of such a finding. The two witnesses merely expressed their opinion as to the market value of the property. The court was not bound to believe their uncontradicted testimony if there was any rational ground upon which the testimony could be rejected. (*Blank* v. *Coffin,* 20 Cal.2d 457, 461 [126 P.2d 868].) One witness used his opinion of market value to bolster his estimate of the fair rental value of the property; the other witness was financially interested in the property and in defeating the foreclosure proceedings. The trial court could infer an element of bias in the testimony of each witness and thus reject this testimony in its entirety, even though they agreed on their estimate of value. But even if we assume that the value of the property was substantially more than the price paid by respondent at the trustee's sale, appellant cannot prevail.

Appellant concedes that a trustee's sale on foreclosure, even though the price obtained for the property be grossly inadequate, is not void in the absence of some showing of fraud, unfairness or oppression which contributes to the inadequate price. (*Central Nat. Bank* v. *Bell,* 5 Cal.2d 324, 328 [54 P.2d 1107]; *Stevens* v. *Plumas Eureka Annex Min. Co.,* 2 Cal.2d 493, 496 [41 P.2d 927].) It is contended however that gross inadequacy of price in conjunction with even slight irregularity in the proceedings relating to the sale, which contributes to the inadequacy of price, will justify setting aside the trustee's sale. (See *Crofoot* v. *Tarman,* 147 Cal.App.2d 443, 446 [305 P.2d 56]; *Bank of America* v. *Century etc. Co.,* 19 Cal.App.2d 194, 196 [65 P.2d 109].) Here appellant claims there were irregularities in connection with the trustee's sale, and hence appellant must be granted relief. In order to fully understand this contention it is

necessary to state some of the facts relating to the sale as they appear in the record:

The trustee's sale was noticed for July 5th. On June 28th appellant obtained a temporary restraining order ex parte restraining sale until a hearing on appellant's order to show cause. The court directed posting of a bond in the sum of $1,000. Appellant deposited a check in lieu of bond. On July 3rd respondent obtained an order of the court, ex parte, setting aside the temporary restraining order issued on June 28th, on the ground that no proper bond had been posted as required by the order. A copy of this order was mailed to appellant but because of the July 4th holiday it was not received until July 5th, about half an hour after the trustee's sale had taken place. Appellant, relying upon her temporary restraining order, did not attend the trustee's sale. We fail to see any irregularity here. Appellant obtained her restraining order without notice to respondent. ▮ She is chargeable with knowledge that such an order may be set aside by the court without notice. (Code Civ. Proc., § 937.) Moreover, the temporary restraining order required the posting of a bond. Appellant did not post a bond or comply with the provisions of Code of Civil Procedure section 1054a. Appellant relied upon a check as a substitute for the required bond. ▮ A check does not meet the requirements of Code of Civil Procedure section 1054a, which only authorizes the deposit of lawful money of the United States in lieu of a bond. (*Rowe* v. *Stoddard*, 15 Cal.App.2d 440, 442 [59 P.2d 423].) Thus there may have been some irregularity in the issuance of appellant's temporary restraining order of June 28th since no proper bond was posted as required by the order, but there was no irregularity or unfairness in the proceedings taken by respondent to set aside that order. Appellant is in no position to complain that she relied upon a temporary restraining order issued at her request, but without full compliance with the court's directions in granting the order.

▮ Appellant further argues that the trustee's sale was invalid because her attorney had recorded a request for special notice (Civ. Code, § 2924b), and that a copy of the notice of default was sent to him by regular mail instead of registered mail as required by the statute. It is undisputed that a copy of the notice of default was actually mailed to respondent's attorney and received in his office within the time specified by the code section. Appellant's attorney testified, however,

that the notice did not come to his personal attention until some two months after it was received. There was other evidence however from which the trial court could properly infer that the notice of default had properly come to the attention of appellant's attorney because the attorney testified in effect that he felt no concern about the recording of the notice of default until he became aware of respondent's purchase of the note secured by the deed of trust. Respondent did not purchase the note until some two months after the notice of default had been recorded. Notice sent by regular mail and actually received, when notice by registered mail is required, is nevertheless valid notice. (*Volandri* v. *Taylor*, 124 Cal.App. 356 [12 P.2d 462]; see also *Steele* v. *Board of Trustees*, 121 Cal.App. 419 [9 P.2d 317]; *Chirico* v. *Kings County Savings Bank*, 168 Misc. 207 [4 N.Y.S.2d 723].)

▮ Although this was an action in unlawful detainer, brought pursuant to Code of Civil Procedure section 1161a, subdivision 3, appellant was entitled to dispute the validity of the trustee's sale and to place respondent's title in issue. (*Kartheiser* v. *Superior Court*, 174 Cal.App.2d 617, 620 [345 P.2d 135].) ▮ The burden of proof rested upon respondent to show that the trust property had been duly sold to him and that his title was duly perfected. (*Bliss* v. *Security-First Nat. Bank*, 81 Cal.App.2d 50, 58 [183 P.2d 312]; *Seidell* v. *Anglo-California Trust Co.*, 55 Cal.App.2d 913, 919-921 [132 P.2d 12].) The trial court heard all of the evidence and made extensive findings concerning the foreclosure proceedings, and concluded that the trustee's sale was legally held under the power of sale contained in the deed of trust. These findings are fully supported by the evidence. It is the rule that whether the particular facts of a given case justify setting aside a trustee's sale rests very largely in the discretion of the trial court. (*Foge* v. *Schmidt*, 101 Cal.App.2d 681, 683 [226 P.2d 73]; *Humboldt etc. Society* v. *March*, 136 Cal. 321, 323 [68 P. 968].) We cannot say that here, in refusing to set aside the trustee's sale, the trial court has in any way abused the discretion committed to it. On the contrary, the trial court's ruling appears fair and just because we do not find in the record any offer on the part of appellant to pay the full amount of the debt for which the property was given as security. ▮ Some disposition on the part of the appellant to do equity by tendering the amount of the debt due is a prerequisite to her demand for a judgment cancelling the trustee's sale. (*Py* v. *Pleitner*, 70 Cal.App.2d 576, 582 [161

P.2d 393], and cases cited. See also *Shimpones* v. *Stickney*, 219 Cal. 637, 649 [28 P.2d 673].)

The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied November 16, 1964, and appellant's petition for a hearing by the Supreme Court was denied December 17, 1964. Peters, J., was of the opinion that the petition should be granted.