66 Cal.Rptr. 495]

## Appellate Department, Superior Court, Alameda

[Civ. No. 567.   Jan. 30, 1968.]

SAN LEANDRO COLLECTION SERVICE, Plaintiff and Respondent, v. TED A. DUNBAR, Defendant and Appellant.

( 933 )

Burton Danziger for Defendant and Appellant.

William S. Perovich for Plaintiff and Respondent.

EMERSON, J.—This is an appeal by the defendant from an order of the Municipal Court for the Oakland-Piedmont Judicial District denying defendant's motion to vacate an attachment.

The agreed statement on appeal shows that on March 30, 1967, plaintiff mailed to defendant by regular mail a notice that a writ of attachment on his earnings would issue after eight days from the date of the notice. On May 26, 1967, plaintiff filed a complaint in the action and a summons and writ of attachment were issued on the same day. On June 1, 1967, plaintiff filed with the Sheriff of Alameda County a declaration dated May 25, 1967, stating that the defendant had been sent an eight-day notice. Thereafter defendant moved to discharge and vacate the attachment and this appeal is taken from the order of the trial court denying said motion.

The question before us is: Was plaintiff's affidavit (Exhibit C) sufficient to overcome the provisions of section 558, Code of Civil Procedure which provides in part as follows: "If upon such application, it satisfactorily appears that the writ of attachment was improperly or irregularly issued it must be discharged; provided that such attachment shall not be discharged if at or before the hearing of such application the . . . affidavit . . . upon which such attachment was based shall be amended and made to conform to the provisions of this chapter."

The affidavit, or declaration, would have been sufficient to comply with section 558 if it had shown either that defendant had been served with process before issuance of the writ, or that defendant had been given proper notice under section 690.11 of the code.

The declaration does not state that defendant had been served. The question remaining, therefore, is: Does the evi-

dence show that defendant was properly given the required eight-day notice?

The declaration contains the conclusionary statement that (defendant) has been given notice pursuant to chapter five (etc.) that a writ of attachment of his earnings will issue after eight days from the date of notice. It is therefore sufficient to raise, at the pleading stage, a question of the propriety of the service of the notice. It is conceded by the agreed statement on appeal that notice to defendant was sent by regular mail.

The notice required by section 690.11 is governed by the provisions of sections 1010 to 1020 of the Code of Civil Procedure. Considerable argument was had both in the briefs and at the hearing of this appeal on the question of whether sections 1010-1020 permit service by regular mail. We are of the opinion that the section which governs this case is section 1020, Code of Civil Procedure which requires that service be made by registered mail.[1] The notice given was therefore insufficient and the lower court was in our opinion required to discharge the writ.

The order is reversed with directions to the municipal court to discharge the writ of attachment.

Quayle, P. J., and Dieden, J., concurred.

---

[1] We are aware of the holding in *Crummer* v. *Whitehead*, 230 Cal. App.2d 264, 268 [40 Cal.Rptr. 826], to the following effect: "Notice sent by regular mail and actually received, when notice by registered mail is required, is nevertheless valid notice."

In this case appellant testified that he had never received the notice.