[No. A028812. First Dist., Div. Three. Dec. 20, 1984.]

EUGENE V. ENFANTINO, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
METRO EQUITIES, INC., et al., Real Parties in Interest.

COUNSEL

Susan R. Reischl and Robert L. Mezzetti for Petitioner.

No appearance for Respondent.

John M. Ottoboni, Anthony J. Keiley III and Ferrari, Alvarez, Olsen & Ottoboni for Real Parties in Interest.

OPINION

**BARRY-DEAL, J.**—Code of Civil Procedure section 2033, subdivision (a),[1] permits an application for relief from default by a party who has failed to respond to requests for admission. Petitioner's application was rejected by the trial court, not because grounds for relief had not been stated, but solely because the application for relief was not filed within 30 days of *actual* notice of the default. We conclude that the 30-day period begins to run only when notice has been given "by certified or registered mail, return receipt requested," as prescribed by section 2033, subdivision (a).

Petitioner is the plaintiff in an action asserting 15 causes of action against a Texas corporation and 2 individuals. On December 21, 1983, petitioner

---

[1]Except as otherwise specified, all further statutory references are to the Code of Civil Procedure.

received a lengthy set of interrogatories with requests for admissions interspersed therein. On February 21, 1984, petitioner having failed to respond, defendants sent by regular mail their "notice of unanswered requests for admission." Petitioner admits having received the notice. Petitioner did not move for relief within 30 days of actual notice, but approximately 5 months after actual notice sought relief on several grounds. Defendants opposed the motion, and it was denied for "lack of jurisdiction." This petition followed.

Section 2033, subdivision (a), provides in pertinent part: ". . . Upon failure of a party served with requests for admissions pursuant to this section either to answer or to file objections within the period as designated in the request or as extended by the court, the party making the request may serve upon the other party a notice in writing *by certified or registered mail, return receipt requested,* notifying the party so served that the genuineness of the documents or the truth of the facts has been deemed admitted. Once the notice is served, the party upon whom the notice is served shall not have the right to apply for relief under the provisions of Section 473 unless a motion requesting relief is served and filed within 30 days after service of the notice." (Italics added.) Petitioner contends that the 30-day limitation on a motion for relief from default is tied to the requirement of service by certified or registered mail, and that the period does not begin with actual notice where improper service has taken place. Petitioner also argues the merits of the motion for relief from default.

We are not here concerned with the merits of the motion for relief from default, the trial court having failed to rule on the merits. However, at our request, defendants (real parties in interest to this writ proceeding) have briefed the jurisdiction question. They argue that actual notice is preferred over constructive notice and cite cases where actual notice sufficed even where the statutes required certified or registered mail (e.g., *Crummer* v. *Whitehead* (1964) 230 Cal.App.2d 264 [40 Cal.Rptr. 826]; *Volandri* v. *Taylor* (1932) 124 Cal.App. 356 [12 P.2d 462]). They contend that the 30-day limit applies and that petitioner failed to seek relief within 30 days of actual notice.

Prior to 1978, section 2033 made no provision for relieving a party from default. However, the courts had found in sections 2033 and 2034 the power to relieve a defaulting party. The power was independent of section 473, and a party could be relieved from default even if the application was filed after expiration of the six-month time limit imposed by section 473. (See *Dolin Roofing & Insulation Co.* v. *Superior Court* (1984) 151 Cal.App.3d 886, 889-890 [199 Cal.Rptr. 37], and cases cited therein.) The 1978 amendments to section 2033 (Stats. 1978, ch. 12, § 3, p. 70, urgency, eff. Feb. 18, 1978; amended Stats. 1978, ch. 265, § 1, p. 549) changed the law so that now, absent extrinsic fraud or mistake, ". . . it is clear that relief from

default, if it occurs, must take place under the authority of section 473 (with a 30-day time limit instead of the 6-month limit)." (*Dolin Roofing & Insulation Co. v. Superior Court, supra,* at p. 890, fn. omitted.)

We are cited to no authority considering the question of whether actual notice, rather than notice by registered or certified mail, may invoke the 30-day time limit, and our research has revealed no such case. We find guidance, however, in *Hernandez v. Temple* (1983) 142 Cal.App.3d 286, 290 [190 Cal.Rptr. 853], where the court stated: "The law abhors forfeitures and requires strict construction of statutes imposing them. [Citation.] Because failure to respond to a request for admissions under Code of Civil Procedure section 2033 will often result in judgment being entered against the party upon whom the request was served, section 2033 must be strictly construed." (See also *Hansen v. Superior Court* (1983) 149 Cal.App.3d 823, 828-829 [197 Cal.Rptr. 175].)

■ We conclude that although petitioner had actual notice of his default, he was not required to move within 30 days for relief because the notice did not comply with the requirements of section 2033, subdivision (a). A party seeking to invoke the technical time limit of that subdivision may not do so without first complying with the technical service requirements. The cases relied upon by real parties where actual notice sufficed were not cases where notice by the prescribed method started a time limit running or cases where inaction during that period would automatically lead to forfeiture.[2] Petitioner was entitled to interpret the "actual notice" he received as an informal advisement and to await properly served notice for commencement of the 30-day period.

We have reached our conclusion after full briefing by the parties and after notifying real parties that we might act by peremptory writ in the first instance. Such a procedure is proper. (§ 1088; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].) Issuance of the alternative writ would only cause unnecessary delay in reconsideration by the trial court of petitioner's motion.

---

[2]*Volandri v. Taylor, supra,* 124 Cal.App. 356, involved notice of termination of employment. The employee, who received notice by regular mail, contended his termination was void. *Crummer v. Whitehead, supra,* 230 Cal.App.2d 264, involved notice of a trustee's sale. Appellant's attorney had requested "special notice" pursuant to Civil Code section 2924b, but had received notice by regular mail instead of registered mail as required by that statute.

Let a peremptory writ of mandate issue directing the Santa Clara County Superior Court to vacate its order denying petitioner's motion for relief from default and to reconsider the motion on the merits.[3]

White, P. J., and Scott, J., concurred.

---

[3]On reconsideration, the trial court may examine the reasons for the five-month delay in filing the motion. If, as petitioner asserts, he advised real parties of the defect in notice, the delay could be attributed to real parties' failure to correct their form of notice.