[Civ. No. 4593.   Third Appellate District.—June 16, 1932.]

D. VOLANDRI, Respondent, v. WALTER H. TAYLOR et al., as Trustees, etc., Appellants.

Ralph McGee for Appellants.

R. C. Pardoe and A. Caminetti, Jr., for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a peremptory writ of mandate which was issued to compel the appellants as trustees of a union high school district, to reinstate a probationary teacher, whom they attempted to discharge.

The appellants are the duly elected and qualified trustees of Jackson Joint Union High School District in Amador County. The respondent was employed by said board of trustees and served as a probationary teacher in said high school district for the school year commencing September 2, 1930. He has held himself in readiness to continue his services as such probationary teacher in that district throughout the school year of 1931–1932. May 4, 1931, the school board met in regular session in the office of the high school building at Jackson, and unanimously passed a resolution to the effect that the respondent's services as a teacher in that school for the ensuing school year were not desired. The clerk of the school board was then directed to so notify the respondent in the manner required by law. May 8, 1931, George Vela, who was then a member of said school board and the duly selected clerk thereof, sent the following written notice of a termination of his employment to the respondent:

"Jackson Joint Union High School.

"May 5th, 1931.

"Mr. D. Volandri,

"Jackson, Cal.

"Dear Mr. Volandri:

"As Clerk of the Board of Trustees it becomes my painful duty to inform you that at a recent meeting of the Board you were not reelected as a member of the faculty.

"With my kindest personal wishes, I am,

"G. E. VELA, Clerk."

This written notice was mailed to the respondent on May 8, 1931, by inclosing it in an envelope, addressed to the respondent at the National Hotel at Jackson, Amador County, California, with the postage thereon prepaid. It was thereupon deposited in the United States postoffice, at that place. The court found: "That petitioner [D. Volandri] received the letter set forth in paragraph IX [containing the above quoted notice of termination of services]

before the 10th day of June, 1931.'' The receipt of the above notice by the respondent as declared by the finding which was adopted by the court, is not disputed in the record. The trial court further held that the mailing of the above notice in an unregistered letter does not comply with the requirements of the statute with relation to the service of such notice of termination of services of a probationary teacher; that he was therefore not lawfully discharged, and was entitled to be reinstated and duly assigned to the performance of his services as a teacher in that school. A peremptory writ of mandate was thereupon issued commanding the board of trustees to forthwith assign the respondent to his class duties as a probationary teacher in that school. From this writ of mandate the trustees have appealed.

Two points are assigned by the respondent in support of the validity of the writ of mandate. ■ It is claimed the notice of termination of services is defective and void because it was not mailed to the respondent in a *registered* envelope, as required by section 5.681, chapter VII, article IV, of the California School Code. That section provides: ''On or before the tenth day of June in any year the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year.''

The following section of that code provides: ''Such notice shall be deemed sufficient and complete when delivered in person to such employee by the clerk or secretary of the governing board of the school district or deposited in the United States *registered* mail with postage prepaid, addressed to such employee at his last known place of address.''

The law requires written notice of the discharge to be served on the probationary teacher whose services are dispensed with, on or before the tenth day of June prior to the following school year. This was done in the present case. The court found that he actually received this written notice before that date. This fact is not disputed. Having received the written notice before the expiration of the time limited by law, it does not matter whether the teacher received it by registered or unregistered mail. (*Steele* v. *Trustees of Pittsburg Schools*, 121 Cal. App. 419 [9 Pac.

217].) The manner of serving this notice, as suggested by the statute, is not mandatory. The important requirement is that the discharged teacher shall actually receive written notice of the termination of his services before the tenth day of June prior to the following school year. It would be frivolous to hold that the validity of the notice was destroyed because the envelope in which it was transmitted did not contain a registered stamp. The statute above quoted does not so declare. It merely states that evidence of the service of the notice "shall be deemed sufficient" if it is "deposited in the United States *registered* mail," etc. This statute does not declare that the registration of a package containing a notice of the discharge of a teacher is the only method of proving the service thereof. An acknowledgment by the teacher of the actual receipt of a valid written notice of discharge within the limitation of time prescribed by statute is sufficient evidence of the service thereof. The service of the notice of discharge in the present case was therefore adequate.

It is finally contended that the form of the written notice terminating the services of the respondent as a probationary teacher is defective and insufficient to comply with the law. The regularity of the proceedings of the board in terminating his tenure is not questioned. The court found that at a regular meeting of the board of trustees it "unanimously passed a resolution to the effect that the petitioner was not wanted as a teacher for the ensuing school year, and the clerk of the board was instructed to notify him of this action of the board."

It is true the employment of a probationary teacher is presumed to continue unless he is notified of the termination thereof as provided by section 5.681, *supra*. It is not necessary, however, to notify him in the exact language of the statute that "his services will not be required for the ensuing year". Any language which may be reasonably understood to mean that his tenure as a probationary teacher has been terminated, is sufficient. (*Fleming* v. *Board of Trustees,* 112 Cal. App. 225 [296 Pac. 925].)

We are of the opinion the written notice which was served on the respondent may not be reasonably construed to mean anything but a notice that the teacher's services had been terminated by the board of trustees. It begins

by saying, "It becomes my *painful* duty to inform you." It may not be said this was a preface to the conveyance of good news that the board had failed to act upon his teacher's tenure, and that he was therefore automatically re-elected for another year. The instrument clearly conveys information of unfavorable action upon his tenure by the board of trustees. It says, "At a recent meeting of the board, you were not reelected as a member of the faculty." The only reasonable construction of this language is that it means the board acted unfavorably upon his retention as a member of the faculty for the ensuing year. Clearly this is a reverse way of declaring that the teacher's services were terminated by formal action of the board. We are of the opinion this notice of termination of services is sufficiently accurate and intelligible to conform to the requirements of section 5.681, *supra*. It follows that the respondent was discharged by the board of trustees as a probationary teacher in the Jackson Joint Union High School in the manner provided by law, and that he was duly notified of the termination of his services as a teacher therein. He is therefore not entitled to be reinstated or assigned to classes as a teacher in that school.

The judgment is reversed and the peremptory writ of *mandamus* is dissolved.

Parker, J., *pro tem.*, and Plummer, Acting P. J., concurred.