## STATE Ex Rel. WALTON *v.* ROBERTS, Et Al.

No. 3061

October 1, 1934.                    36 P. (2d) 517.

*Clarence Young* and *C. E. Robins,* for Appellant:

416

*Thomas E. Powell,* for Respondents:

## OPINION

By the Court, COLEMAN, J.:

This is a proceeding in mandamus to compel the respondents to execute a contract with petitioner as a teacher.

The lower court denied the prayer of the petition, and entered judgment in favor of the respondents, from which the petitioner has appealed.

The facts are these: On May 2, 1932, the respondents entered into a written contract with petitioner, which is in the words and figures following:

"Contract Between Teacher and Trustees

"This Agreement, made and entered into this second day of May, 1932, by and between the Board of School Trustees of Lake Consolidated School District Pershing County, Nevada, the party of the first part, and O. Walter Walton, of Lovelock, Nevada, the party of the second part,

"Witnesseth: That the said party of the first part does hereby covenant and contract with the said O. Walter Walton, who has heretofore been granted and is now holding a Nevada State Certificate of the Elementary and Jr. High Grade, to teach in the aforementioned district for the period of Twelve months, beginning on the third day of June, 1932, in accordance with the School Laws of Nevada and the rules and regulations prescribed in pursuance therewith by the State Board of Education and the State Superintendent of Public Instruction, at the yearly salary of Twenty-four Hundred Dollars ($2400.00) payable in 12 equal monthly installments.

"This contract may be abrogated only for good and

sufficient cause by either party hereto upon thirty days' notice in writing to the other party; or at any time by mutual consent.

"In Witness Whereof, the said parties have hereunto subscribed their names in due execution hereof the day and year first above written.

"Signed Philip Anker
    "President     Board of
"T. O. Roberts    School Trustees
    "Clerk

    "Signed O. Walter Walton, Teacher"

At the bottom of the contract, printed in bold type, is the word "over."

Before the contract was signed, the following words had been indorsed on its back:

    "Teacher's Contract
    "For teaching in the

"Lake Consolidated School at Lovelock, Nevada

"Department, Elementary or High School: Elementary & Junior High

"Grades or Subjects: Seventh grade, principal of the school, and such other duties as may be assigned by the superintendent

"Name of Teacher: O. W. Walton

"Clerk or Secretary of Board: T. O. Roberts"

In due time petitioner entered upon the performance of his duties as a teacher, and taught in the school district; also acted as principal of the elementary school, and performed other duties assigned to him by the superintendent.

On the 14th of May, 1933, the petitioner received from respondents the following notice in writing:

    "Lovelock Consolidated Schools
    "A. H. Bachelor Superintendent
     "Lovelock, Nev.     May 5, 1933.

"Mr. O. W. Walton,     Lovelock, Nevada.

"Dear Mr. Walton:

"This is to advise you that the Lake Consolidated School Board has decided to abolish the position of

Elementary School Principal for the year 1933–34. The Board wishes you to know that they regret the necessity of doing this and that the action is taken solely in the interest of economy and not because of any dissatisfaction with your work.

"Yours truly,                    T. O. Roberts
                                 "Clerk of Board."

On the 18th day of May, 1933, he served on respondents a notice in writing, which reads:

"Lovelock, Nev., May 18, 1933.

"To the Board of School Trustees of Lake Consolidated School District, Mr. Philip Anker, Mr. T. O. Roberts, and Mr. George C. Stoker, and Mr. Philip Anker, member, Mr. T. O. Roberts, member, and Mr. George C. Stoker, member,

"Gentlemen:

"My understanding is that I have been automatically reelected as a teacher for the year 1933–34 in accordance with the provisions of Section 5998, Nevada Compiled Laws 1929 regarding employment and notification of teachers.

"I hereby notify the Board of School Trustees of Lake Consolidated School District, and each of you as members thereof that I accept the position.

"Very truly yours,             O. Walter Walton
                               "O. Walter Walton"

Respondents refused to execute the contract.

Section 5998, N. C. L., reads in part as follows: "It shall be the duty of the school boards of the several districts, including county high schools, to notify in writing the teachers in their employ on or before the 15th day of May of each year concerning the reemployment of such teachers for the ensuing year. In case the board through its proper official shall fail so to notify its teachers, then those teachers who are employed and who have been so employed for the major part of the current year shall be deemed re-elected on the same terms as for the then closing school year, and the board shall issue the regular contract in such cases as though

the board had elected said teachers in the usual manner. * * * "

The trial court found that the petitioner "was, on or before the 15th day of May, 1933, * * * duly notified in writing by said board concerning his re-employment, and that he had not been re-employed for the ensuing school year."

1. The question for us to determine is: Was the petitioner, prior to the 16th of May, 1933, notified in writing "concerning" his reemployment, in the sense in which that word is used in the statute? The statute in question does not state what the contemplated notice shall contain, except in a very general way, but merely provides for the giving of notice concerning reemployment. No doubt the Legislature had in mind the fact that a large number of the school boards in the state were composed of laymen, unskilled in the preparation of legal documents, and contemplated that a writing indicating that a teacher's services would not be needed for the succeeding school year would suffice.

The petitioner was informed in the notice which he received that the action of the school board was taken in the interest of economy, as well as being specifically informed that the position of elementary school principal had been abolished.

The petitioner knew that no specific portion of his salary was allotted to him as principal; hence he was charged with knowledge of the fact that his yearly salary of $2,400 was affected by the action of the school board.

In California, where the statute provides that to terminate the employment of a probationary employee in the public schools a notice in writing "that 'his services will not be required for the ensuing year' " may be given, the court said: "Any language which may be reasonably understood to mean that his tenure as a probationary teacher has been terminated is sufficient." Volandri v. Taylor, 124 Cal. App. 356, 12 P. (2d) 462, 463.

We think section 5998, N. C. L., relative to giving

written notice to a teacher "concerning" his reemployment, should be liberally construed. We are of the opinion that the petitioner received written notice concerning his reemployment.

2. If any doubt existed as to what our conclusion should be, we think the situation of the parties was such as to make applicable the well-known rule that whatever puts a person on inquiry is sufficient notice where the means of knowledge are at hand. Bottini v. Mongolo, 45 Nev. 245, 197 P. 702; 46 C. J. 542.

The judgment is affirmed.