[No. 33365.   Department One.   November 10, 1955.]

THE STATE OF WASHINGTON, *on the Relation of Lawrence H. Bohanon, Respondent,* v. PEARL A. WANAMAKER, *as State Superintendent of Public Instruction, Appellant.*[1]

[1] Reported in 289 P. (2d) 697.

*The Attorney General* and *Michael R. Alfieri, Assistant,* for appellant.

*Allen, DeGarmo & Leedy,* for respondent.

HAMLEY, C. J.—The decision of a school board not to renew the employment of a school principal gave rise to this certiorari proceeding.

Lawrence H. Bohanon, for many years principal of Roosevelt school, in Everett, was not tendered a contract renewing his employment for the school year 1954-1955. Through his attorneys, he therefore wrote to the school board, under date of August 6, 1954, demanding that such a contract be issued. The position taken in this letter was that Bohanon was entitled to the contract because he had not, on or before April 15, 1954, received notice of the decision not to renew his employment, and the reasons therefor, as specified in RCW 28.67.070 [*cf.* Rem. Supp. 1943, § 4776, part].

On August 17, 1954, the school board replied, to the effect that its letters of March 26, 1953, and March 31, 1954, addressed to Bohanon, provided the notice required by the statute. The letter of August 17th indicated that the board

would "stand upon the record," thereby rejecting the demand that the contract be renewed.

On August 30, 1954, Bohanon appealed to the Snohomish county superintendent of schools. The county superintendent dismissed the appeal, on the ground that he did not have jurisdiction. This action was taken on October 8, 1954. The basis of this ruling was that Bohanon had not appealed within thirty days after receiving notice that his contract would not be renewed. See RCW 28.88.010 [cf. Rem. Rev. Stat., § 5064].

On October 14, 1954, Bohanon appealed from the ruling of the county superintendent to the state superintendent of public instruction. The latter declined to entertain the appeal, for the same reason given by the county superintendent.

Bohanon thereupon instituted this certiorari proceeding in the Thurston county superior court. The relief sought was an order requiring the state superintendent to hear and determine his appeal. After hearing, the court entered judgment directing the state superintendent to assume jurisdiction of the matter and to hear and determine the same, with directions which in effect required a decision in favor of Bohanon. The state superintendent has appealed to this court.

In his brief filed in this court on September 8, 1955, respondent moved to dismiss this appeal. He did so on the ground that the forty-three-page volume of records and papers which had been filed in the superior court by the state superintendent in response to the show cause order had not been filed here. It is recited in the findings of fact that such records and papers, which we will call the "return," were considered, "no further evidence having been offered by either party."

The return should have been included in the transcript which was sent to this court. It was not, however, because appellant failed to refer to it in the praecipe. The return was filed with the clerk of this court on September 28, 1955. This was after the filing of respondent's brief but prior to the oral argument.

■ Failure to send up the record within the time specified in the rules is a ground for dismissing the appeal, under Rule on Appeal 51, 34A Wn. (2d) 55. The granting of the motion on that ground, however, lies within the discretion of this court. We have been referred to no case in which an appeal has been dismissed on this ground, or where this court has declined to consider a transcript which was filed late. We do not believe respondent has been prejudiced by the delay. He was entirely familiar with the return. It was as accessible to him in the office of the clerk of the superior court as it would have been in the office of the clerk of this court.

The motion to dismiss the appeal is therefore denied.

Appellant assigns error upon the refusal of the trial court to grant her motion to quash the application for the alternative writ of certiorari. Appellant argues that the application should have been quashed because the superior court proceeding should have been brought in Snohomish county rather than Thurston county.

The applicable statute is § 3, chapter 102, Laws of 1927, p. 88 (Rem. Rev. Stat., § 5069). (The corresponding section of the Revised Code of Washington [RCW 28.88.040] is disregarded, as it uses language not contained in the statute.) The statute in question reads:

"In decisions of appeal by the superintendent of public instruction the decision or order shall be final unless set aside by a court of competent jurisdiction in an action brought therein to review such order or decision."

The question presented is whether the superior court of the state of Washington for Thurston county is a "court of competent jurisdiction" to hear and determine this certiorari proceeding.

■ The words "court of competent jurisdiction," as used in this statute, mean the court which has power or authority conferred upon it by law to hear and determine the particular proceeding, and whose jurisdiction it was proper to invoke in that instance. See *Huberman v. Evans,* 46 Neb. 784, 65 N. W. 1045.

In *State ex rel. Layton v. Robinson,* 2 Wn. (2d) 614, 99 P. (2d) 402, cited by appellant, it was held that the King county superior court was a court of competent jurisdiction to review an order of the director of agriculture. This was not a pronouncement that the Thurston county superior court would not have been a court of competent jurisdiction to hear and determine that matter.

In *State ex rel. Knight School Dist. No. 311 v. Wanamaker,* 46 Wn. (2d) 341, 281 P. (2d) 846, also cited by appellant in support of this assignment of error, we affirmed a judgment of the superior court for Mason county vacating an order of the state superintendent of public instruction. That proceeding involved the failure to renew the employment contracts of a school superintendent and a teacher.

On the appeal to this court in the *Knight* case, the state superintendent (not there represented by the office of the attorney general) took the exact opposite of the position here advanced in her behalf. It was contended that such a writ of review is properly to be heard only in Thurston county. However, in view of the special circumstances of that case (not here relevant), we declined to pass upon this question. Hence, the *Knight* case is not authority for or against the proposition that the Thurston county superior court had jurisdiction in the case before us.

■ The superior court of the state of Washington, in whatever county it is sitting, is expressly authorized to hear and determine applications for writs of certiorari. Washington constitution, Art. 4; § 6, as amended by amendment 28; RCW 2.08.010 [*cf.* Rem. Rev. Stat., § 15]. See, also, RCW 7.16.030 *et seq.* [*cf.* Rem. Rev. Stat., § 1001 *et seq.*].

There is no statute which expressly, or by necessary implication, provides that a court proceeding of this kind must be brought in the county in which the school district is located. Nor has any statute been called to our attention which, on any other basis, fixes jurisdiction in proceedings of this kind in a superior court of some county other than Thurston.

■  This being the case, the question of whether such an action should be brought in one county rather than another is one of venue, rather than jurisdiction. It was proper to lay the venue of this action in Thurston county, because it was the county of residence of defendant (appellant). Rule of Pleading, Practice, and Procedure 1, 34A Wn. (2d) 68. That it has been the recent practice to institute such actions in Thurston county, see *In re Black, ante* p. 42, 287 P. (2d) 96, and companion cases.

In view of what is said above, it is unnecessary to decide whether appellant is correct in maintaining that this proceeding is not within the purview of RCW 4.92.010 [*cf.* Rem. Rev. Stat., § 886]. That statute requires that one having a cause of action against the state proceed in Thurston county. This action was brought in Thurston county, and, as we have held, properly so under the rule of court referred to above.

The remaining question presented on this appeal is whether the trial court erred in directing the state superintendent to hear and determine, and assume jurisdiction of, Bohanon's appeal from the ruling of the county superintendent, "and to dispose of said appeal in accordance with and pursuant to said findings and conclusions." In these findings and conclusions, the trial court held that the school board had not notified Bohanon, on or before April 15, 1954, of the decision not to renew his employment and the reasons therefor. Since, if this were the case, the contract of employment was renewed by force of statute (RCW 28.67.070, *supra*), the effect of the judgment was to direct the state superintendent to set aside the county superintendent's order of dismissal and grant Bohanon the relief he requested.

Thus, the trial court, while in terms directing the state superintendent to consider Bohanon's appeal, in effect decided the case on its merits. Likewise, both the county and state superintendents, while disclaiming jurisdiction because of asserted delay in Bohanon's original appeal to the county superintendent, had actually passed upon the merits of Bohanon's contention that he had not received timely statutory notice. This is true because the basis of their

reasoning was that the decision of the board which aggrieved Bohanon was its letter of March 31, 1954, and that the thirty-day appeal period then began to run. The March 31, 1954, letter did not aggrieve Bohanon unless it complied with the statute, for otherwise it was of no force or effect.

In view of this posture of the case, as just described, we will likewise deal with the merits of Bohanon's case—whether or not he received timely statutory notice that his employment would not be renewed for the school year 1954-1955.

The statute in question reads as follows:

"Every teacher, principal, supervisor, or superintendent holding a position as such with a school district, whose employment contract is not to be renewed by the district for the next ensuing term must be notified in writing on or before April 15th preceding the commencement of such term of the decision of the board of directors not to renew his employment and the reason or reasons therefor, and if such notification is not timely given by the district, the teacher, principal, supervisor or superintendent entitled thereto shall be conclusively presumed to have been reemployed by the district for the next ensuing term upon contractual terms identical with those which would have prevailed if his employment had actually been renewed by the board of directors for such ensuing term: . . ." RCW 28.67.070 [cf. Rem. Supp. 1943, § 4776 part].

It will be observed that this statute contains provisions relating to the *time* the notice is given, the *facts* conveyed by the notice, and the *reasons*. The notice in writing must (1) be communicated to the employee on or before April 15th preceding the commencement of the next ensuing term; (2) advise of the decision of the board of directors not to renew the employment; and (3) state the reason or reasons therefore.

In contending that a written notice complying fully with these requirements was sent to Bohanon prior to April 15, 1954, appellant relies on the two letters quoted below:

"Mr. L. H. Bohanon, Principal          March 26, 1953
"Roosevelt School
"Dear Mr. Bohanon:          .
    "The Board of Education realizes that you have given

many years of faithful service to the Everett school district. This service has not been wholly unsatisfactory; in fact much has been good and acceptable. Altogether, however, the Board and administration have not been satisfied over a period of many years. It is felt that the situation definitely can and should be improved and that no material improvement will result as long as you continue in your present assignment. New leadership is required with a change in point of view and working methods.

"To improve the situation without being precipitous the Board has decided to grant you a one-year contract for the next year. This contract will not automatically renew itself and will terminate at the end of the year. This will provide you with an opportunity to adjust your personal plans.

"We hope you will accept this decision in the same spirit in which it has been made and that your work next year will be personally satisfying.

"Very truly yours,
"Superintendent."

"Mr. Lawrence Bohanon                    March 31, 1954
"Principal, Roosevelt School
"Dear Mr. Bohanon:

"This is written merely for the record and to prevent any possible misunderstanding.

"On March 26, 1953, you were notified by letter that the Board of Education desired a change of person in your position after the next school year. Accordingly your contract for 1953-54 was written on this basis.

"There is no change in the situation. Under this circumstances you may prefer to resign. Of course this is a matter for you to decide.

"Whatever your plans, we surely wish you well and assure you of our continued personal friendship.

"Very sincerely yours,
"Superintendent."

It is undisputed that the board's letter of March 31, 1954, was communicated to Bohanon on or before April 15, 1954. Thus, the time requirement of the statute is satisfied.

The letter, in effect, advised Bohanon that, sometime prior to March 26, 1953, the board had decided that it would not renew Bohanon's contract after the 1953-1954 school year. The letter then advised: "There is no change in the situation." This could only mean that the board desired to

adhere to its earlier decision. While there is no express statement to the effect that such adherence is based upon a recent decision by the board, we think this is to be implied from the words used.

■ In our view, the letter of March 31, 1954, substantially complies with the requirements of the statute concerning the facts to be communicated in such a notice. It also satisfies the general rule that such a notice is sufficient if it fairly informs the teacher or principal that he will not be employed for the next succeeding year. See *Eastman v. School Dist. No. 1 of Lewis & Clark County,* 120 Mont. 63, 180 P. (2d) 472; *State ex rel. Walton v. Roberts,* 55 Nev. 415, 36 P. (2d) 517; *Volandri v. Taylor,* 124 Cal. App. 356, 12 P. (2d) 462.

That Bohanon understood the letter of March 31, 1954, as advising him that he would not be employed for the next succeeding year is established by the letter which his then attorney wrote to the Everett superintendent of schools, under date of June 2, 1954. In this letter, a hearing was requested "on the issue of the discharge of Mr. Bohanon" from his position as principal of Roosevelt school.

The added statement in the letter of March 31, 1954, that Bohanon "may prefer to resign," neither added to nor detracted from the clear intendment of the notice not to renew. We need not consider whether the board's effort to write a nonrenewable contract for 1953-1954 adds anything to the board's position here. The notice of March 31, 1954, is adequate without reference to that effort, and such effort in no sense weakens the efficacy of the notice.

The third and final requirement of the statute—that the reason or reasons be stated—was also fully complied with. The reason specifically stated in the letter of March 31, 1954, was that

". . . the Board of Education [in 1953] desired a change of person in your position . . . There is no change in the situation. . . ."

See *State ex rel. Knight School District No. 311 v. Wanamaker, supra.*

■ The board, on March 31, 1954, having complied fully with the notice requirements of RCW 28.67.070, *supra,* any appeal therefrom to the county superintendent should have been filed by April 30, 1954. RCW 28.88.010, *supra.* Bohanon failed to appeal within that period.

He could not start the period running again by later writing to the board and eliciting a new refusal to issue the contract. See *Blunt v. School Dist. No. 35,* 12 Wn. (2d) 336, 121 P. (2d) 367.

The decision of the school board not to renew the contract of employment thus became final and conclusive on April 30, 1954. Bohanon's abortive appeal to the county superintendent on August 30, 1954, was, therefore, properly dismissed. He had no right thereafter to appeal to the state superintendent, and the latter correctly dismissed the appeal for lack of jurisdiction. *Blunt v. School Dist. No. 35, supra.*

For the reasons given, the trial court erred in directing the state superintendent of public instruction to entertain Bohanon's appeal and to decide the same in accordance with the findings and conclusions of the trial court.

Reversed.

SCHWELLENBACH, DONWORTH, FINLEY, and OTT, JJ., concur.

December 22, 1955. Petition for rehearing denied.