No. 12410

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

FLORENCE SCHWEIGERT,

Plaintiff and Appellant,

-vs-

BOARD OF TRUSTEES OF EVERGREEN SCHOOL
DISTRICT # 50, KALISPELL, MONTANA,

Defendants and Respondents.

Appeal from:    District Court of the Eleventh Judicial District,
                Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

    For Appellant:

        White, Vadala & Springer, Kalispell, Montana
        David L. Astle argued, Kalispell, Montana

    For Respondents:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana
        Chadwick Smith, argued, Helena, Montana
        H. James Oleson appeared, County Attorney, Kalispell,
        Montana

Submitted:    September 28, 1973

Decided: OCT 11 1973

Filed:    OCT 11 1973

Thomas J. Kearney
                                    Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an action by a teacher against a school board seeking reinstatement of her employment. The district court of Flathead County, the Hon. Robert C. Sykes, district judge, granted the school board's motion to dismiss the action. Plaintiff appeals from the order of dismissal.

Plaintiff is Florence Schweigert, a teacher who had been employed in the Evergreen School near Kalispell in Flathead County, Montana, for approximately four years immediately preceding the present controversy. Defendant is the Board of Trustees of Evergreen School District #50, which did not rehire her for the 1972-1973 school year.

The facts of the controversy are contained in a written stipulation, in the employment contracts attached to the original complaint, and in the affidavits attached to the amended complaint. Prior to March 14, 1972, the school superintendent, who was also the principal of the Evergreen grade school, advised the Board that there would be an insufficient number of students to justify continuing two special education classes, suggested that one of such classes be discontinued, and that one of the two special education teachers' contracts not be renewed for the coming school year.

On March 14, 1972, the Board decided this recommendation was in the best interests of the school district and unanimously voted to discontinue the class of plaintiff Florence Schweigert and not renew her contract. Two days later the school superintendent met with plaintiff and informed her of the decision of the school board. At that time plaintiff indicated she would like to discuss this decision with the Board, but the next day plaintiff orally informed him that she had changed her mind and did not desire to meet with the Board.

- 2 -

On March 22 the chairman of the school board notified plaintiff by certified letter of the Board's decision to discontinue her special education class and not to offer her a teaching contract for the coming school year.

According to affidavits attached to the amended complaint, on or about May 14 a meeting was held in the home of the chairman of the Board to discuss plaintiff's contract. Present at this meeting were all members of the school board and a number of parents of children who had attended plaintiff's class. After all present had given their views, the Board indicated plaintiff would be rehired; the chairman of the Board stated that the regular meeting would be held the following night and plaintiff would be given a contract for the coming year. Plaintiff was notified of the results of this meeting by one of the parents.

On May 15 the Board held a special meeting to discuss its prior action concerning plaintiff, its reasons why the action was taken, and so forth. The meeting was open to the public and plaintiff was in attendance. At the conclusion of this meeting the Board reaffirmed its original decision to discontinue Mrs. Schweigert's special education class and not to offer her a contract for the coming school year. Plaintiff informed a member of the Board that she did not need this job and that she had other offers outside the school district.

On May 17 plaintiff served the Board with a petition for a formal hearing within ten days to reconsider its termination action on these grounds: (1) That the letter of March 23 from the chairman of the school board gave insufficient reasons for termination of a tenure teacher, and (2) that the meeting of the Board on May 15 was insufficient in that it was a closed meeting and plaintiff was not enabled to bring forth evidence concerning her characteristics and past achievements as a teacher and the meeting did not produce evidence sufficient to terminate the services of a tenure teacher.

Shortly after May 17 the county attorney orally and on June 13 in writing, advised plaintiff's attorney of denial of plaintiff's petition of May 17.

On June 6 plaintiff's attorney conferred with a representative of the State Superintendent of Schools "and was given the distinct impression" that that office would not enter into this matter and that it should be resolved in the district court.

On June 13 plaintiff requested a formal hearing of the matter from the county superintendent of schools and was advised on June 20 that the county superintendent would take no action in the matter because the lapse of time since April 1 precluded her legally from doing anything.

It was further stipulated that plaintiff was a tenure teacher with the school district and that the other special education teacher whose class was continued was not a certified teacher and was without tenure.

On June 23, 1972, the instant action was filed in the district court of Flathead County. The relief sought by plaintiff was a court order compelling the Board to reinstate plaintiff and "such other relief as this Court deems proper". Subsequently plaintiff filed an amended complaint which alleged, additionally, that at the school board meeting of May 14 the Board assured the parents it would rehire plaintiff, attached were parents' affidavits to that effect, and claimed the Board had no jurisdiction thereafter to terminate plaintiff. The Board filed a motion to dismiss the amended complaint based principally on plaintiff's failure to timely comply with her administrative remedies and failure to exhaust the same prior to filing a court action.

The district court granted the Board's motion to dismiss on the ground that plaintiff failed to comply with her administrative remedies within the time allowed by law barring her right to relief in the district court. Plaintiff appeals from this order of dismissal.

We summarize all issues assigned for review into one controlling question, viz: Are plaintiff's rights and remedies in the instant action foreclosed by her failure to timely appeal from the Board's decision not to renew her contract?

The applicable statute is section 75-6104, R.C.M. 1947, which provides:

"Termination of tenure teacher services. Whenever the trustees of any district resolve to terminate the services of a tenure teacher under the provisions of subsection (1) of section 75-6103, they shall notify such teacher in writing before the first day of April of such termination. Any tenure teacher who receives a notice of termination may request, in writing ten (10) days after the receipt of such notice, a written statement declaring clearly and explicitly the specific reason or reasons for the termination of his services, and the trustees shall supply such statement within ten (10) days after the request. Within ten (10) days after the tenure teacher receives the statement of reasons for termination, he may request in writing a hearing before the trustees to reconsider their termination action. When a hearing is requested, the trustees shall conduct such a hearing and reconsider their termination action within ten (10) days after the receipt of the request for a hearing. If the trustees affirm their decision to terminate the teacher's employment, the tenure teacher may appeal their decision to the county superintendent and, subsequently, either the teacher or the trustees may appeal to the superintendent of public instruction under the provision for the appeal of controversies in this Title."

The certified letter of March 22 from the chairman of the school board to plaintiff was legally sufficient as a notice of termination of the services of a tenure teacher pursuant to the foregoing statute. Eastman v. School District No. 1, 120 Mont. 63, 180 P.2d 472. The statute on its face does not require the notice to contain a statement of the appeal procedure. The certified letter of March 22 contained "a written statement declaring clearly and explicitly the specific reason or reasons for the termination of [her] services" as required by statute, viz: "This action was deemed necessary because the drop in enrollment of this class will not merit employing a teacher for this group."

If plaintiff wished further specifics, for example why she as a tenure teacher was not employed in preference to the other non-certified, nontenured teacher to teach the latter's special education

- 5 -

class for the younger students, the statutory procedure of a request in writing within ten days and a statement of reasons by the school board within ten days thereafter was available. No demand by plaintiff in writing for a hearing before the trustees was made until May 17, some forty-five days after notification of termination. As the statute requires written demand for hearing within ten days of notification, her right to a hearing under the statute had expired.

The meeting of May 14 at the home of the chairman of the school board had no legal effect. Day v. School District No. 21, 98 Mont. 207, 38 P.2d 595; State ex rel. Howard v. Ireland, 114 Mont. 488, 138 P.2d 569. The school board meeting of May 15 reaffirming the Board's original decision to terminate plaintiff's employment could not revive the expired rights of plaintiff to a hearing and reconsideration or start the statutory time limitation running anew. See rationale in State v. Wanamaker, 47 Wash.2d 794, 289 P.2d 697; Robel v. Highline Public Schools District No. 401, 65 Wash.2d 477, 398 P.2d 1.

Having failed to pursue her statutory administrative remedies within the time allowed by law, plaintiff's right to contest the termination of her employment as a tenured teacher was at an end. The statutory time limitations are mandatory to provide for prompt resolution of teacher employment controversies in the public interest as well as in the respective interests of the principals involved.

The judgment of the district court is affirmed.

_____
Justice

- 6 -

We Concur:

_Chief Justice_

_Justices_

Hon. R.D. McPhillips, District
Judge, sitting for Justice John
Conway Harrison.