No. 13459

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

GRANT R. GALLUP,

Plaintiff and Appellant,

-vs-

SUPERINTENDENT OF PUBLIC INSTRUCTION
of the State of Montana,

Defendant and Respondent.

---

Appeal from: District Court of the First Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Astle and Astle, Kalispell, Montana
David Astle argued, Kalispell, Montana

For Respondent:

W. Corbin Howard, Helena, Montana

For Amicus Curiae:

Cannon and Gillespie, Helena, Montana
Richard Gillespie argued, Helena, Montana

---

Submitted: April 18, 1977

Decided: MAY - 4 1977

Filed: MAY - 4 1977

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the district court, Lewis and Clark County, granting defendant's motion to dismiss with prejudice.

Several issues are presented by plaintiff Grant R. Gallup, but we find the controlling issue to be whether his rights and remedies in this matter were foreclosed by his failure to timely pursue proper legal remedies in the district court from a decision of the state superintendent affirming the termination of his tenure.

Gallup in 1973 was a tenured teacher of School District No. 9, Glacier County, Montana, having taught there for 9 years. In September 1973, the board of trustees of the district dismissed him pursuant to section 75-6107, R.C.M. 1947, which provides for dismissal of a teacher during the contract term.

Gallup appealed the decision to the superintendent of schools of Glacier County, who, following a hearing, reversed the board. The board of trustees appealed that decision to the state superintendent who upheld the decision of the county superintendent. That decision was appealed to the district court which reversed the decision of the state superintendent. Gallup appealed to this Court and in a decision dated December 21, 1976, the Court reversed the district court's judgment and affirmed that of the state superintendent of public instruction reinstating Gallup for the remainder of his 1973-74 contract. See: Board of Trustees of School District No. 9, Glacier County v. Superintendent of Public Instruction, of the State of Montana and Grant R. Gallup, _____Mont._____, 557 P.2d 1048, 33 St.Rep. 1221.

On March 13, 1974, when Gallup's case was still before the Glacier County superintendent on the dismissal of September 1973, the board of trustees met for the purpose of renewing teachers' contracts for the coming 1974-75 school year. The board voted to terminate Gallup's tenured service at the end of the 1973-74 school year pursuant to section 75-6103, R.C.M. 1947. We note that in September 1973, the board terminated Gallup's contract under section 75-6107, R.C.M. 1947. The March 13, 1974, action taken by the board was under a different statute and during the pendency of the first appeal. At this point in the case the board chose to terminate any future employment with Gallup, regardless of the outcome of the first case. This decision was communicated to Gallup by letter dated March 19, 1974. On March 25, 1974, Gallup demanded reasons for his termination and the board gave eight reasons. At a hearing before the board on April 26, 1974, Gallup appeared with counsel but refused to testify. After he left, the board heard evidence and terminated his services as a tenured teacher for the school year 1974-75.

Thereafter Gallup appealed the board's decision to the Glacier County superintendent of schools. Both parties appeared at the hearing and stipulated that two questions should be considered and that the transcript of the hearing before the board of trustees would provide the relevant background. The county superintendent found the charges unsupported and ordered Gallup reinstated. The board appealed to the state superintendent, who reversed the county superintendent. The decision of the state superintendent was dated November 14, 1975. No appeal was made to the district court until May 17, 1976.

Section 75-5709, R.C.M. 1947, as amended by Sec. 1, Ch.300, L. 1974, is controlling. It provides in pertinent part:

- 3 -

"* * * The decision of the superintendent of public instruction shall be final, subject to the proper legal remedies in the state courts. Such proceedings shall be commenced no later than sixty (60) days after the date of the decision of the superintendent of public instruction." (Emphasis provided.)

In a recent case, Schweigert v. Board of Trustees, 163 Mont. 29, 515 P.2d 85, this Court held that where a tenured teacher did not follow statutory procedure in making a written request within ten days for a statement of reasons and a hearing, her rights under the statute expired and she was foreclosed from thereafter bringing suit challenging the decision not to renew her contract. In the instant case more than six months passed and Gallup cannot at this late date breathe life into his complaint.

Having failed to pursue his statutory administrative remedies within the time allowed by law, Gallup's right to contest the termination of his employment as a tenured teacher was at an end. The statutory time limitations are mandatory to provide for prompt resolution of teacher employment controversies in the public interest, as well as the respective interests of the principals involved.

The judgment of the district court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 4 -