TIM H. YANZICK, Plaintiff and Appellant, v. The BOARD OF TRUSTEES OF SCHOOL DISTRICT NO. 23, LAKE COUNTY, Defendant and Respondent.

No. 13984.
Submitted June 9, 1978.
Decided July 26, 1978.
582 P.2d 338.

Datsopoulos & MacDonald, Missoula, James B. Wheelis argued, Missoula, for plaintiff and appellant.

Richard P. Heinz, County Atty., argued, Polson, for defendant and respondent.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

This is an appeal from an order of the District Court of Lake County granting defendant's motion to dismiss.

In 1977, plaintiff Tim Yanzick was a tenured teacher in School District #23, Lake County, Montana, having taught there for seven years. On March 15, 1977, plaintiff received a letter from the Chairman of the School District's Board of Trustees, which stated that the Board "* * * has decided to terminate your services as a tenured teacher at the end of your current contract year." Pursuant to section 75-6104, R.C.M.1947, plaintiff, on March 16, requested the specific reasons for termination of his contract by the School Board.

On March 24, 1977, the Chairman of the School Board sent plaintiff a letter listing the reasons for termination of his contract. In this letter plaintiff was given five reasons for his termination. Essentially, plaintiff's contract was being terminated because he was living with a woman who was not his wife.

Under section 75-6104, R.C.M.1947, plaintiff had ten days after receipt of this letter in which to request a hearing before the Board. His written request for a hearing was delivered to the Board after the expiration of the ten day period. In reliance on a written opinion of the county attorney, the Board refused to grant plaintiff a hearing on the ground that his failure to make a timely request ended plaintiff's right to contest his termination.

Thereafter, on July 11, 1967, plaintiff filed a petition seeking injunctive relief and a declaratory judgment in the District Court. In the petition, plaintiff requested that the Board of Trustees be required to show cause why it should not be enjoined from termin-

ating plaintiff's contract as a tenured teacher. Plaintiff also sought a declaratory judgment that he be entitled to an evidentiary hearing before the Board.

In his petition plaintiff claimed he was entitled to a hearing before the Board because he had made every effort to comply with the provisions of section 75-6104. Plaintiff alleged that, prior to the expiration of the ten day period, a letter requesting a hearing was prepared and given to his then attorney of record. Further, he alleged that said attorney contacted the Superintendent of Schools for School District #23 and received assurances that there was no need to immediately deliver the written request for a hearing. According to plaintiff, it was because of these assurances from the Superintendent that his request for a hearing was not delivered until after the ten day period had expired.

On July 20, 1977, the Board answered plaintiff's petition by a motion to dismiss. The Board contended that the Superintendent of Schools did not have the authority to waive the ten day limit for requesting a hearing. They argued that plaintiff had not exhausted his administrative remedies because he had the right to appeal to the County Superintendent on the issue of any waiver of the ten day limit.

. A show cause hearing was held by the District Court on July 20, 1977, Upon submission of memoranda by the parties relating to the motion to dismiss, the District Court entered an order and opinion on August 4, 1977, granting dismissal. The District Court reasoned that since plaintiff had not pursued all of his available administrative remedies, the court was without jurisdiction to entertain the petition. Following the issuance of the order to dismiss, plaintiff brought this appeal.

On appeal, plaintiff has raised two issues:

1. Is plaintiff entitled to a hearing before the School Board?

2. Did the District Court lack jurisdiction to hear and determine plaintiff's petition on the ground of his alleged failure to exhaust his administrative remedies?

We have previously held that the ten day time limit for re-

questing a hearing concerning termination is mandatory. If the right to have a hearing is not pursued within the time allowed by law, the tenured teacher's right to contest termination of employment is at an end. *Schweigert v. Board of Trustees* (1973), 163 Mont. 29, 515 P.2d 85.

Plaintiff recognizes this rule. However, he maintains that the Superintendent of Schools waived the ten day limit on behalf of the School Board, precluding denial of his later request for a hearing.

Under Montana law, a superintendent of schools is the executive officer of the trustees. Section 75-6113, R.C.M.1947. *School District No. 4 v. Colburg* (1976), 169 Mont. 368, 547 P.2d 84. The relationship that exists between the superintendent and trustees is an agency relationship. The superintendent is subject to the direction and control of the trustees. Section 75-6113. Due to this direction and control, the superintendent is the "agent" of the trustees — the "principal".

Recognizing the relationship between a superintendent of schools and the trustees to be an agency relationship, we must then decide, in this case, if the Superintendent of Schools of District #23 had the authority to waive the ten day limit for requesting a hearing on the behalf of the Board of Trustees. We hold the Superintendent had ostensible authority to waive the ten day limit on behalf of the Board.

Ostensible authority is defined in section 2-124, R.C.M.1947. The definition reads:

"Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess."

Here, the Board allowed plaintiff to believe that the Superintendent had the authority to waive the time limit for a hearing request.

"This Court has previously held that ostensible authority arises from the facts of a particular case and the test is found in a determination of the exact extent to which the principal held the agent out or permitted him to hold himself out as authorized, and what a prudent person acting in good faith under the circumstances would

reasonably believe the agent's authority to be. (Citation omitted.)" *Audit Services, Inc. v. Elmo Road Corporation* (1978), . . . Mont. . . ., 575 P.2d 77, 81, 35 St.Rep. 227.

Plaintiff acted in good faith to let the Board know he was requesting a hearing when he contacted the Superintendent. The Superintendent assured plaintiff's counsel that plaintiff would be granted a hearing at his convenience and that there was no necessity to deliver the written request immediately. Under those circumstances, plaintiff could and did believe that he could submit the request after the ten day period was over. Since the Superintendent acted on the behalf of the Board in making these assurances, the Board is bound by them. Thus, plaintiff is entitled to a hearing before the Board concerning the termination of his contract.

In view of this holding, we need not discuss the second issue in detail. We simply point out that plaintiff has not yet exhausted his administrative remedies, because he has heretofore been denied the opportunity to do so.

The order of the District Court dismissing plaintiff's petition is reversed. The cause is remanded to the trial court with instructions to order the School Board to hold an evidentiary hearing forthwith on the termination of plaintiff's contract as a tenured teacher.

MR. JUSTICES DALY, SHEA and SHEEHY concur.