JUDITH BRENNAN, APPELLANT, V. SCHOOL DISTRICT NO. 21 OF
HOLT COUNTY, NEBRASKA, ALSO KNOWN AS ATKINSON
ELEMENTARY SCHOOL DISTRICT, A POLITICAL SUBDIVISION OF THE
STATE OF NEBRASKA, APPELLEE.

458 N.W.2d 227

Filed July 27, 1990.   No. 88-656.

Scott J. Norby, of Crosby, Guenzel, Davis, Kessner & Kuester, for appellant.

Domina, Gerrard, Copple & Stratton, P.C., and Daniel D. Jewell, of Jewell, Gatz, Collins, Dreier, Fitzgerald & Balsiger, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from an order of the district court for Holt County denying a request for a declaratory judgment that appellant was not discharged lawfully from her teacher's position in School District No. 21 of Holt County and was thus still an employee of the district. The parties and the court treated the case as a law action, and we shall do so also.

An extended recitation of the facts is necessary for an understanding of the issues involved in this appeal.

Judith Brennan, the appellant, was initially employed to teach on a full-time basis for the 1986-87 school year by School District No. 21 of Holt County. The school board of the district and its superintendent determined not to retain Brennan's services, and on March 3, 1987, Brennan received a notice

advising her of possible termination of her employment at the close of the contract year. The reason given was a reduction in force, pursuant to Neb. Rev. Stat. §§ 79-1254.05 et seq. (Reissue 1987). On March 5, Brennan responded in writing, requesting a hearing. No hearing was held.

Negotiations between Brennan's representative and school board attorney John Higgins were started March 12, which negotiations appear to have contributed to the failure to hold the reduction in force hearing. The negotiations were not successful.

On April 7, another letter was sent to Brennan notifying her of the district's intent to consider whether her status as a probationary teacher should be terminated and advising her that if she wished a hearing, she must submit a written request within 7 days of the receipt of the notice. No written request for hearing was submitted to the school district. The school board held a meeting on May 4, and Brennan's contract was terminated.

On April 8, the district's attorney and Brennan's representative spoke by phone concerning possible settlements of the dispute. On April 14, Brennan's representative again spoke with Higgins and inquired whether it would be necessary for Brennan to submit a second demand for a hearing. Higgins informed him that it would not be necessary to submit a second demand for hearing and that if the parties could not reach an agreement, Brennan would be provided a probationary hearing by the district prior to official action being taken on the contract.

In a May 4 conversation with Dr. William Gall, the superintendent of School District No. 21, Higgins told Gall that if the school board did not agree to a negotiated settlement, the board would have to give Brennan a hearing.

The trial court found that Higgins did advise Brennan's representative, Lowell Zetterman, that a second demand for a hearing was unnecessary, and also found that neither Gall nor the school board was informed of Higgins' promise until after May 5.

The trial court further found that Higgins did not have the actual or apparent authority to waive the demand requirement

and that the purported waiver was not within the proper scope of his duties as an attorney for the board.

At issue is the authority of a school district attorney, engaged in negotiations with a teacher's representative, to waive the formal demand for hearing provided for in Neb. Rev. Stat. § 79-12,114 (Reissue 1987).

Both appellant and appellee cite to and argue the provisions of Neb. Rev. Stat. § 7-107 (Reissue 1987), which provide as follows:

> An attorney or counselor has power: (1) To execute, in the name of his client, a bond for an appeal, certiorari, writ of error, or any other paper necessary and proper for the prosecution of a suit already commenced; (2) *to bind his client by his agreement in respect to any proceeding within the scope of his proper duties and powers*; but no evidence of any such agreement is receivable except the statement of the attorney himself, his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court; (3) to receive money claimed by his client, in an action or proceeding, during the pendency thereof or afterwards, unless he has been previously discharged by his client, and upon payment thereof, and not otherwise, to discharge the claim or acknowledge satisfaction of the judgment.

(Emphasis supplied.)

The waiver was clearly established by Higgins' testimony. We then reach the critical issue as to whether the waiver was within Higgins' authority and, if so, was it within the scope of his proper duties and powers.

Assuming that the Legislature, in any event, has the authority to define the practice of law and to prescribe the limits to which an attorney may bind a client, we proceed to an analysis of the issue.

The requirements of a termination proceeding of a probationary employee of a school district are set out in § 79-12,114 to Neb. Rev. Stat. § 79-12,117 (Reissue 1987) and authorize a more informal proceeding, though they still require notice of hearing, opportunity to appear in person or by a representative, opportunity to offer evidence, and an open

session in the event of a termination. The sections referred to are a part of a larger section dealing with the whole area of tenure and retention of school district employees.

We have referred to the procedures contemplated by Neb. Rev. Stat. §§ 79-12,107 et seq. (Reissue 1987) as "teacher termination proceedings." See, e.g., *Benton v. Board of Ed. of Sch. Dist. No. 17,* 219 Neb. 134, 361 N.W.2d 515 (1985); *Irwin v. Board of Ed. of Sch. Dist. No. 25,* 215 Neb. 794, 340 N.W.2d 877 (1983). See, also, *Bickford v. Board of Ed. of Sch. Dist. #82,* 214 Neb. 642, 336 N.W.2d 73 (1983); *Moser v. Board of Education,* 204 Neb. 561, 283 N.W.2d 391 (1979).

Appellee argues that administrative hearings are not proceedings to which § 7-107 applies. On the contrary, to so hold would ignore the myriad of administrative bodies, state and local, in which participation is part and parcel of the active practice of the law. The term "proceeding" is used advisedly, as the Legislature appears to have recognized that a much broader area of the practice of law obtains than merely the litigation of disputes in a court of law.

Higgins was, at times, retained by the school district to advise, consult with, and negotiate on behalf of the district in various areas of school law, including employment questions. The record clearly shows that he was acting on behalf of the school district as its attorney in the matter of the termination of Brennan's employment, including his negotiations with Brennan's representative. As such, Higgins had the real and the apparent authority to waive the formal notice requirement, and his client is bound thereby.

The appellee finally suggests that as the notice and the demand must be in writing, no hearing could lawfully be held absent the written demand. We have held that parties may waive procedural provisions by agreement. *Simmons v. Murray,* 189 Neb. 695, 204 N.W.2d 800 (1973), *modified, Omaha Nat. Bank v. Mullenax,* 211 Neb. 830, 320 N.W.2d 755 (1982). See, also, *Yanzick v. Board of Trustees,* 177 Mont. 459, 582 P.2d 338 (1978).

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.