# IN THE SUPREME COURT OF THE STATE OF NEVADA

HOUSEHOLD FINANCE REALTY
CORPORATION OF NEVADA;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; AND
HSBC BANK, USA, N.A.,
Appellants,
vs.
ROBERT BALKENBUSH,
Respondent.

No. 71406



MAR 3 0 2018



## *ORDER OF AFFIRMANCE*

This is an appeal from the district court's order granting respondent's motion for judgment on the pleadings and its judgment quieting title. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Respondent Robert Balkenbush purchased real property from the City of Reno at a special assessment delinquency sale. Before the sale, the City sent notice of the deficiency and sale by certified mail to, among others, appellants Household Finance Realty Corporation of Nevada, Mortgage Electronic Registration Systems, Inc., and HSBC Bank USA, N.A., each of whom had an interest in the real property. After the period of redemption expired, during which the real property was not redeemed, Balkenbush obtained a quitclaim deed to the property from the City. Subsequently, Balkenbush filed a complaint for quiet title to the real property. After appellants answered the complaint, both sides filed motions for judgment on the pleadings. The district court entered an order granting Balkenbush's motion for judgment on the pleadings and judgment quieting title. Appellants claim that the district court erred in three respects.

First, appellants claim that NRS Chapter 271 and the statutes providing for the special assessment delinquency sale violate the Due Process Clauses of the United States and Nevada Constitutions because there is no specific requirement that mortgagees receive actual notice of the sale. However, appellants received by certified mail actual notice of the special assessment delinquency sale, and "[h]aving received such notice, [appellants] ha[ve] clearly been accorded due process in the application of the statute as to [them] personally." *Wiren v. Eide*, 542 F.2d 757, 762 (9th Cir. 1976); *see also Baker v. Latham Sparrowbush Assocs.*, 72 F.3d 246, 254 (2d Cir. 1995) ("If a party receives actual notice that apprises it of the pendency of the action and affords an opportunity to respond, the due process clause is not offended."); *cf. United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) ("Here, [petitioner] received *actual* notice of the filing and contents of [respondent's] plan. This more than satisfied [petitioner's] due process rights." (emphasis in original)). Given that appellants received actual notice, we conclude appellants lack standing to make a due process challenge to the notice requirements for special assessment delinquency sales. *See Commonwealth v. One 1976 Ford Truck Van*, 424 A.2d 1323, 1325 (Pa. 1981) ("Even if the forfeiture provisions of the Act were unconstitutional on their face, any violation of appellee's rights that would have resulted from strict compliance with the Act has been prevented by the actual notice and opportunity for hearing that appellee received. We therefore hold that appellee has no standing to challenge the constitutionality of [the Act].").

To the extent appellants argue that the notice they received did not satisfy due process standards, as articulated in *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983), because the notice was not

reasonably calculated to apprise appellants of the sale, we disagree. At a minimum, appellants knew the City was specifically notifying them of the sale of certain properties. That the notice contained more than one property does not render the notice constitutionally deficient, and appellants have not cited to any case law for such a proposition. Therefore, considering the circumstances surrounding the notice in this matter, we find no due process concern. *See generally State ex rel. Walton v. Roberts*, 55 Nev. 415, 421, 36 P.2d 517, 518 (1934) (considering a claim about sufficient notice to a teacher regarding re-employment and recognizing "the well-known rule that whatever puts a person on inquiry is sufficient notice where the means of knowledge are at hand").

Second, appellants claim that NRS Chapter 271 violates the Takings Clauses of the United States and Nevada Constitutions when it allows for the extinguishment of property rights without just compensation. The City's sale of the property pursuant to Chapter 271 was a tax sale. *See Houck v. Little River Drainage Dist.*, 239 U.S. 254, 265 (1915) (describing special assessment taxes for local improvements); *see also* NRS 271.045 (defining an assessment in the "Local Improvements" chapter as "a special assessment, or the levy thereof, against any tract specially benefited by any project, to defray wholly or in part the cost of the project"). And "the power of taxation should not be confused with the power of eminent domain." *Houck*, 239 U.S. at 264. "[T]he taking of property by taxation requires no other compensation than the tax-payer receives in being protected by the government to the support of which he contributes." *Cole v. City of La Grange*, 113 U.S. 1, 8 (1885). Indeed, many courts have held that "[a] tax sale is not a taking for a public purpose because such sale is pursuant to the state's taxing power and not its power of eminent domain." *In re Murphy,*

331 B.R. 107, 128 (S.D.N.Y. 2005); *see also Richardson v. Brunner*, 356 S.W.2d 252, 253 (Ky. 1962); *Hughes v. State*, 838 P.2d 1018, 1037 (Or. 1992); *Fitzgerald v. Neves, Inc.*, 550 P.2d 52, 57 (Wash. Ct. App. 1976). Thus, a tax sale does not involve an unconstitutional taking:

> [W]hile the tax sale deprived [the party] of title to a portion of property that was lawfully his, it cannot be considered a 'taking' under the Fifth Amendment [as] [t]he sale took place pursuant to the District's taxing power, not its power of eminent domain . . . or any other power enabling it to take or encumber private property for a public purpose.

*Speed v. Mills*, 919 F. Supp. 2d 122, 129 (D. D.C. 2013). Based on the above authority, appellants' claim fails because the Takings Clause was not implicated by the City's tax sale of the property.

Third, appellants claim that the sale of the property should be subject to principles of commercial reasonableness and that the instant sale was grossly inadequate as a matter of law such that the sale should be set aside. We disagree with appellants' contention that a grossly inadequate sale price alone warrants the setting aside of a sale as commercially unreasonable. In *Golden v. Tomiyasu*, 79 Nev. 503, 514, 387 P.2d 989, 994-95 (1963), this court adopted the California rule "that inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale legally made; there must be in addition proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." *See also Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1110 (2016) (summarizing this court's precedent as allowing for a foreclosure sale to be set aside "upon a showing of grossly inadequate price plus fraud, unfairness, or oppression" (internal quotation marks omitted)). And appellants do not make a showing of fraud, unfairness, or oppression. To the extent

appellants challenge the statutory scheme, wherein NRS 271.560 provides that land sold for delinquent and unpaid special assessments "shall be sold to the first person at the sale offering to pay the amount due," they make no cogent argument that compliance with Nevada statutes constitutes fraud, unfairness, or oppression.

Having considered appellants' claims and concluded no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Chief Judge, The Second Judicial District Court
        Second Judicial District Court Dept. 7
        J. Douglas Clark, Settlement Judge
        Snell & Wilmer, LLP/Las Vegas
        Snell & Wilmer, LLP/Reno
        Thorndal Armstrong Delk Balkenbush & Eisinger/Reno
        Washoe District Court Clerk